## BULLARD *v.* KINNEY *et al.*

Where there is nothing in the constitution of a joint-stock-company which regulates the remedies of the shareholders, as between themselves, the general law of partnership must govern them.

Where two shareholders in such company sold to the company goods to a large amount, and afterwards, during the existence of the company, sold their stock to A, and assigned their account for such goods to B, who sued such company on said account by attachment : *Held,* that such action could not be maintained, there having been no final settlement of the partnership accounts, no balance struck, and no express promise on the part of the individual members to pay their ascertained portion.

The assignees of such account were placed in no better situation by the assignment, to sue, than the assignors before the assignment.

APPEAL from the District Court of the Eleventh Judicial District, County of El Dorado.

This was an action of *assumpsit,* brought by the plaintiff on an

account assigned to him by Sotzen and Goodnow, for goods, wares, and merchandise, sold to the defendants. The defendants composed a joint-stock-association, known as the "Columbus Quartz-Mining Company." While Sotzen and Goodnow, merchants, and partners, were shareholders in the company, they sold to the company, goods, wares, and merchandise, to a large amount. They afterwards, and during the existence of the company, sold their stock to one White, and assigned their account against the company to plaintiff.

There was nothing in the constitution of the company which regulated the remedies of the shareholders, as between themselves. Nor was there any final settlement of the partnership accounts, or any balance struck, or promise on the part of the other shareholders to pay this account. The plaintiff commenced his suit by attachment against the property of defendants.

The defendants had judgment in the Court below, and the plaintiff appealed.

*Sanderson and Hewes* for Appellant.

1. A joint-stock-company, in respect to its liabilities to third persons, is the same as an ordinary partnership, and is governed by the same law; but, in respect to the rights of its shareholders *inter se*, it differs materially from an ordinary partnership, and is governed by its constitution and by-laws, or, in legal phraseology, its deed of settlement, and rules of law not applicable to partnerships.

For instance, a joint-stock-company carries on its business through agents solely. Its shareholders are sole and independent owners of their shares, and may sell or pledge them at pleasure, and such sale does not work a dissolution.

Shareholders may make independent and insulated contracts with the company, and maintain action thereon. Collyer on Part., p. 945, §§ 1119, 272.

2. The rule that one partner can not sue another, has its exceptions, and this case comes within those exceptions. For instance, on partner may sue another for a balance due on settlement. Collyer on Part., pp. 247–251, et seq.

Particular transactions may be withdrawn from the partnership account, and give rise to actions between the partners. Ib., p. 249, § 274.

In this case there was a contract between Sotzen and Goodnow, and the company, to the effect, that if Sotzen and Goodnow furnish the goods, etc., the company would pay them their value out of the joint funds of the company.

By such contract, this particular transaction was separated from the partnership account and insulated therefrom, hence, under the authorities, Sotzen and Goodnow could have maintained this action. 25 Wend., 450.

3. Concede, for the sake of argument, that at common law this rule that one partner can not sue another would apply to this case, we then say that this is purely a technical one, and the reason given for it is, because a party can not sue himself; or, in other words, be both plaintiff and defendant in the same action. Hence, we say that although Sotzen and Goodnow could not maintain this action, their assignee can, for the rule can not operate against him, for he is in no sense a partner. Practice Act, § 4.

*D. K. Newell* for Respondent.

Can the action be maintained? We think not. The general law governing partnerships is applicable to joint-stock-associations, except where a different rule has been established by the association in its deed of settlement. Collyer on Part., p. 904, §§ 1115, 1116, 1117.

Could Sotzen and Goodnow maintain this action? We think, certainly, no :

1. Because one partner can not sue his co-partners at law.

2. Because the account sued upon is not the amount due to Sotzen and Goodnow. They would only be entitled to recover whatever balance might be found due them after taking full account of all the partnership, and then ascertaining, after allowing the advances of every member, the amount, if any, which may have been advanced by Sotzen and Goodnow towards the common enterprise, more than their proportionate share. That would then be the amount due them, and not the amount of the original advancement; and this can only be ascertained by a suit in chancery for a settlement of the partnership affairs.

But it is contended by the plaintiff that this is one of those debts upon which an action may be maintained by one member of a partnership against the residue. We admit that there are some debts upon which such an action may be maintained, such as an account stated by the parties, as balance struck, and some others, but this is not such a one, for these reasons :

1. That there has been no direct promise by the other members to pay Sotzen and Goodnow this account.

2. Because this is not the only remaining unsettled item of the partnership. Collyer on Partnership, §§ 272–275, and a number following.

To authorize the action of *assumpsit* to be maintained, there must be no other unsettled matter between the parties, or then there must be an express promise by one or more of the company to pay the residue some certain fixed amount.

BURNETT, J., delivered the opinion of the Court.

The only question arising in the case is, whether the plaintiff can sue in this form ?

Bullard *v.* Kinney.

There was nothing in the constitution of this company which regulated the remedies of the shareholders, as between themselves; and, therefore, the general law of partnership must prevail. (Collyer, § 1115.) There having been no final settlement of the partnership accounts, and no balance struck, and no express promise on the part of the individual members to pay their ascertained portion of this amount to Sotzen and Goodnow, they could not maintain *assumpsit.* As they could not sue, it is difficult to see how their assignee could do so. To permit a partner, who has a claim against the firm, and who can not, therefore, sue the firm at law, to avoid this disability by assignment of the debt, would defeat all the substantial reasons upon which this rule is predicated. This rule rests upon three grounds :

1. The technical ground, that a man can not, at the same time, in the same suit, be both a plaintiff and a defendant.

2. Because it would be useless for one partner to recover that which, upon taking a general account, he might be compelled to refund ; and thus a multiplicity of suits be permitted, where one would answer.

3. The contrary rule would defeat the equitable right of the other partners to set-off their advances against those of plaintiff, and would force them to first pay the amount, and then rely upon the individual responsibility of the partner for a return of his proportion.

The first ground being merely technical, may be considered as not so material under our system of pleading; but the other two grounds are substantial in their character. There is another objection that arises under the attachment law, as it then existed. Sotzen and Goodnow could not resort to the harsh remedy by attachment; but their assignee could, if he could maintain this suit. Such a remedy was not contemplated by the parties at the date of the transaction, and can not be invoked by the single act of one.

Judgment affirmed.

FIELD, J.—I concur in the judgment.