HENRY HORNBERGER ET AL. V. SAMUEL A. ORCHARD.

FILED MARCH 6, 1894.  No. 4941.

Unincorporated Associations: LIABILITY OF MEMBERS. One is not liable for the debts of a voluntary unincorporated association incurred by it at a time when he was not a member thereof, unless by express contract, based on a good consideration, which must be alleged and proved.

ERROR from the district court of Douglas county. Tried below before HOPEWELL, J.

*Schomp & Corson*, for plaintiffs in error.

*Brome, Andrews & Sheean, contra.*

RAGAN, C.

Samuel A. Orchard sued the plaintiffs in error and forty-five others in the district court of Douglas county, and in his petition alleged that on the 17th of September, 1887, the parties made defendants were members of an unincorporated association known as the Junior Order of United American Mechanics, organized for social and recreative purposes only, and not for the holding of any property or the carrying on of any trade or business; that prior to the 17th day of September, 1887, the defendants, at a meeting of said association, ordered that carpets, matting, and shades be procured and placed in a hall for the use of the association; and that Orchard did, on the 17th day of September, 1887, furnish said hall for the defendants' use, with certain carpets, matting, and shades, and performed the necessary work and labor of placing the same in said hall; that said defendants then and there accepted the said carpets, matting, and shades in said hall, and for a long time thereafter used the same therein, and repeatedly promised to pay therefor; and that the bill was past due and wholly unpaid. The plaintiffs in error filed separate answers, each consisting of a general denial. There was a verdict and judgment against the plaintiffs in error, who bring the case here for review.

In the petition in error on file there are thirty-one errors assigned, only two of which we shall notice.

1. The plaintiffs in error complain because of the refusal of the court to give the sixth instruction asked for by them. That instruction was as follows: "If you find that

the goods were sold either to a committee for the use of
the society known as the Junior Order of United American
Mechanics, and the credit was given either to said com-
mittee or even to the Junior Order of United American
Mechanics, no person who was not liable, either as princi-
pal or agent, at the time of sale or when credit was given
can be made so by any promise or words of his that was
not in writing, and although if each of these said defend-
ants not so primarily liable had promised and agreed to
pay this bill, or any part thereof, he cannot be held thereto
unless such promise was in writing; the statute of frauds
in our state being that no person can become liable for the
debt of another person or persons unless the same shall be
in writing and subscribed to by the party sought to be
charged therewith." This society was an unincorporated
voluntary association, supported by the initiation fees and
dues charged its members, and the liability of its members
to its creditors are governed by the law of agency. (*Gor-
man v. Russell*, 14 Cal., 532; *Moore v. Brink*, 4 Hun
[N. Y.], 402; *Butterfield v. Beardsley*, 28 Mich., 412;
*Tyrrell v. Washburn*, 88 Mass., 466; *Bullard v. Kinney*,
10 Cal., 60; *Taft v. Ward*, 106 Mass., 518; *Bodwell v.
Eastman*, 106 Mass., 525; *Davison v. Holden*, 55 Conn.,
103; *Tappan v. Bailey*, 45 Mass., 529; *Park v. Spauld-
ing*, 10 Hun [N. Y.], 128.) It will be observed that
Orchard based his right to recover of plaintiffs in error on
the ground that they were members of the society and pres-
ent at the meeting when the goods were ordered, or after-
wards learned of the purchase; that the bill was unpaid;
attended meetings at which the payment was discussed,
acknowledged to be correct, and promised to be paid, and
thereby ratified the contract of the society in purchasing the
goods, even if they, the plaintiffs in error, were not pres-
ent at the meeting at which the purchase was ordered.
Under the pleadings, oral testimony that plaintiffs in
error promised to pay this bill would not have been

45

competent, except upon the theory that they were members of the society when the debt was contracted. But there was testimony which tended to show that the plaintiffs in error were members of the society and present at the meeting at which the goods were ordered; and there was also testimony which tended to show that after the goods were purchased and in the hall, plaintiffs in error were present at meetings of the society at which the payment of the bill for the goods was discussed, its correctness acknowledged, and payment promised. This testimony was competent under the issues. The question then at which this instruction was aimed was not one of the statute of frauds, but of agency; the plaintiff's theory being that even if the plaintiffs in error were not present at the meeting when the goods were bought, yet being members at that time, and afterwards learning of the purchase and promising to pay it, they had ratified what the society did. There was no error then in refusing to give this instruction. Again, if the pleadings of the plaintiff had sought to hold the plaintiffs in error liable for this bill by an allegation that they were not members of the society when it was contracted, but joined the society afterwards and then promised to pay it, the plaintiffs in error, to have availed themselves of the statute of frauds as a defense, must have pleaded it.

2. The plaintiffs in error also complain because of the refusal of the court to give the thirteenth instruction asked for by them. It was as follows: "None of these defendants, by becoming members of the Junior Order of United American Mechanics, became liable for any of the past indebtedness that had been incurred, or was owing by said association, or by any member or committee thereof, prior to the time he associated himself therewith." Were the plaintiffs in error entitled to have this instruction given to the jury, and was the refusal of the court to give it error? This instruction presented the question squarely as to whether these plaintiffs in error were liable for the debts

Hornberger v. Orchard.

of the association contracted prior to the time they became members of it. Nowhere in the trial of this case, nor in the instructions given by the learned court, was the distinction drawn as to the liability of these plaintiffs in error, as asked for by this instruction. Indeed, the court, by its instructions, told the jury substantially that any defendant who was a member of the order (without reference to the time when he became such) and attended its meeting, and knew of the purchase of the goods in question, and used said goods after they were placed in the hall, knowing that they had not been paid for, became liable. The testimony as to whether the plaintiffs in error were members of the society when the goods were purchased was very contradictory. It is not denied that the plaintiffs in error were members of the society, but there was much testimony tending to show that they did not become members until after the purchase of the goods. The plaintiffs in error were entitled to an instruction to the effect that their liability did not attach for any debts of the society prior to the date of their becoming members of it; and nowhere in the record was there any such instruction given; and, as before observed, Orchard based his right to hold the plaintiffs in error liable on the theory that they were members of the society when the goods were purchased. The charges of the court and the instructions given by him at the request of the plaintiff left room for the jury to infer that if the plaintiffs in error became members after the debt was contracted, and then attended meetings of the society at which the debt was spoken of, acknowledged to be unpaid, and promises made to pay it, the plaintiffs in error thereby ratified and became liable to pay for what the society had done before they joined it. No member of a voluntary unincorporated association is liable for any debt contracted by such society, unless at the time the debt was incurred he was a member thereof, except by an express contract, based on a good consideration, all which must be alleged

Hornberger v. Orchard.

and proved. There is sufficient testimony in the record for the jury to have found that the plaintiffs in error were members of the society when the debt was contracted. On the other hand, there was abundant evidence to support a finding that they were not members at the time the debt was contracted, and the instructions of the court left ample room for them to infer that the plaintiffs in error had become liable, even if they joined the society after the debt was contracted, by attending its meetings after that time at which the debt was discussed and promised to be paid. It is impossible for us to say whether the jury's finding is predicated upon the evidence that the plaintiffs in error were members at the time the debt was contracted, or whether it is predicated upon the evidence that they attended meetings after it was contracted at which the debt was discussed and promises made to pay it.

The authorities cited by the defendant in error, none of them, reach the point raised by this instruction. In all the cases cited by him the parties sued were members of the association at the time the debt was contracted, and, so far as appears from the reported cases, that was not a disputed question on the trial. We are constrained to say, after much reflection and research, that the plaintiffs in error were entitled to have the instruction asked for given to the jury, and its refusal was error to their prejudice. The judgment of the court below is therefore reversed and the cause remanded to that court to grant the plaintiffs in error a new trial.

REVERSED AND REMANDED.