[No. 13007. In Bank. — August 2, 1889.]

ONTARIO STATE BANK, Appellant, *v.* AMELIA TIBBITS et al., Respondents.

Corporation — Complaint in Action by — Allegation of Filing Copy of Articles of Incorporation Unnecessary. — In an action by a corporation in relation to its property, it is not essential to a statement of a complete cause of action that the complaint should show that the plaintiff has complied with the requirements of section 299 of the Civil Code, with respect to the filing of a copy of the copy of its articles of incorporation in the office of the county clerk.

Id. — Failure to File Copy of Articles of Incorporation — Defense must be Specially Pleaded — Waiver. — The failure of a corporation to file a copy of the copy of its articles of incorporation in the office of the county clerk of a county in which it has property is a mere matter in abatement of an action brought by it in relation to such property; and in order to be available as a defense to the action, must be specially pleaded in the answer; otherwise it is waived.

Id. — Insufficient Averment of Defense. — An averment denying the plaintiff's corporate existence, and alleging that it has not legal capacity to sue, does not set up such defense.

Appeal from a judgment of the Superior Court of San Bernardino County.

The findings found that the plaintiff's original articles of incorporation were filed in the office of the county clerk of San Bernardino County. The further facts are stated in the opinion.

*H. C. Rolfe*, for Appellant.

Plaintiff's cause of action under its note and mortgage was not property within the meaning of section 299 of the Civil Code. (*People* v. *Eastman*, 25 Cal. 603; *People* v. *Park*, 23 Cal. 138; *Weeks* v. *Garibaldi South Gold Mining Co.*, 73 Cal. 599.)

*Rowell & Rowell*, for Respondents.

VANCLIEF, C.—This action was to foreclose a mortgage executed by the defendant Amelia Tibbits to secure her promissory note to the plaintiff, a corporation organized under the laws of this state. The court below found that the note and mortgage were made and executed as alleged in the complaint, and that no part of the debt had been paid, but dismissed the action solely upon the ground that the plaintiff had never filed in the office of the county clerk of San Bernardino, in which the mortgaged property was situated, a copy of the copy of its articles of incorporation, as required by section 299 of the Civil Code, which section, in effect, provides that no corporation organized under the laws of this state shall maintain or defend any action in relation to property, or its rents, issues, and profits, until it shall have filed in the office of the county clerk " of the county in which such property is situated," such copy of the copy of its articles of incorporation filed in the office of the secretary of state.

Although the complaint did not show that plaintiff had complied with this law, it nevertheless stated a complete cause of action. (*Phillips* v. *Goldtree*, 74 Cal. 151.)

The failure of the plaintiff to file a copy of its articles of incorporation in the office of the county clerk, being

mere matter of abatement, should have been specially pleaded by the defendants, otherwise it was waived; yet the answer tendered no such issues. (*Sweeney* v. *Stanford*, 67 Cal. 635; *Phillips* v. *Goldtree*, 74 Cal. 151; *Southern Pacific R. R. Co.* v. *Purcell*, 77 Cal. 69. ) And the pleading thereof should be strictly construed. (*Tooms* v. *Randall*, 3 Cal. 440; *Thompson* v. *Lyon*, 14 Cal. 42; *Larco* v. *Clements*, 36 Cal. 132.)

The only affirmative matter contained in the answer is the following:—

"For a separate answer and defense, this defendant avers that plaintiff has not, and at the commencement of this action had not, legal capacity to sue; that plaintiff never was a corporation duly or otherwise organized under the laws of this state, nor a copartnership, nor an individual."

That the plaintiff had not legal capacity to sue is purely and only a conclusion of law, and of itself tendered no issue of fact. The only issues of fact tendered by this plea related to the nature of the plaintiff, viz., Was the plaintiff a corporation ? or a copartnership? or an individual person ? Upon these issues the court found for the plaintiff, to the effect that the plaintiff, at all the times mentioned in the complaint, was, and still is, a corporation.

We are of opinion that the judgment should be reversed, and that the court below should be directed to give judgment for plaintiff upon the findings of fact and the facts admitted by the pleadings.

FOOTE, C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is reversed, and cause remanded, with instruction to the court below to render judgment for the plaintiff on the findings.

WORKS, J., concurring.— I concur in the judgment, on the ground that the code does not require the filing of a

copy of the copy of the articles of incorporation in the county where the original is on file.

THORNTON, J., concurring. — I concur in the judgment, on the ground that, conceding that the note and mortgage involved in the cause to be such property as is referred to in section 299 of the Civil Code, the plaintiff has complied with the requirements of the section by filing with the county clerk of San Bernardino county, where the mortgaged property is situate, and where the plaintiff bank was doing business when the note and mortgage were executed, its original articles of incorporation.