[No. 14427. In Bank.— April 2, 1892.]

## J. B. GOODLETT, APPELLANT, v. THE ST. ELMO INVESTMENT COMPANY ET AL., RESPONDENTS.

FORECLOSURE OF MORTGAGE — DEBT OF ASSOCIATION — DEFICIENCY JUDGMENT — CONSTRUCTION OF CODE. — It seems that if an association of persons transacting business under a common name contracts a debt which is secured by a mortgage of one or more of the associates or of a third person, the mortgagee in his action to foreclose may, if he chooses to do so, proceed against the association by its common name under section 388 of the Code of Civil Procedure, for the purpose of obtaining a deficiency judgment, binding only the joint property of the associates.

ID. — MORTGAGE BY TRUSTEE OF ASSOCIATION — ACTION AGAINST ASSOCIATION AND MEMBERS INDIVIDUALLY — RIGHT TO DEFICIENCY JUDGMENT AGAINST MEMBERS. — In an action to foreclose a mortgage alleged to have been executed by the trustee of an association acting in behalf of the association, where the association was sued and also the individual members thereof, all of whom appeared and answered to the merits, and the complaint, though ambiguous, is not clearly indicative of an intention to proceed under section 388 of the Code of Civil Procedure, or to forego the right of plaintiff to a deficiency judgment against the individual members, and the answers of the defendants admitted the genuineness and due execution of the articles of association as set forth in the complaint, and did not controvert the partnership relation of the members and their joint liability to third persons upon obligations of the company incurred while they were such members, and the trial court impliedly found that the trustee executing the mortgage had authority to do so for the company, and that it bound the company and its members, the mortgagee is entitled to a deficiency judgment against the defendants who were members of the association at the date of the execution of the mortgage, and a deficiency judgment against the association alone will be reversed upon appeal of the mortgagee.

ID. — SALE OF PREMISES — WAIVER OF RIGHT OF APPEAL AS TO DEFICIENCY JUDGMENT. — The judgment of the trial court directing a fore-

closure of the mortgage gave the mortgagee an absolute right to sell the mortgaged premises, and the exercise of such right does not amount to a waiver of his right to appeal from that part of the decree fixing the personal liability for a deficiency of the proceeds of such sale.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*Byron Waters,* for Appellant.

*Samuel Minor, Barclay & Wilson, Barclay, Wilson & Carpenter, Willis & Cole, Willis, Cole & Craig,* and *Redick & Rose,* for Respondents.

BEATTY, C. J. — This is a suit to foreclose a mortgage. The cause was tried in the superior court without a jury, and findings expressly waived by the parties. The court made and entered a decree in favor of the plaintiff, adjudging, among other things: —

"That there is due to plaintiff upon the mortgage debt mentioned in the complaint, and still remains unpaid, the sum of twelve thousand six hundred and eighty-three 7-100 dollars ($12,683.07), in gold coin of the United States, for principal and interest of said debt, together with the sum of six hundred and twenty-four 15-100 dollars ($624.15), attorney's fees fixed by the court, aggregating a total sum of thirteen thousand three hundred and seven 22-100 dollars ($13,307.22), due and unpaid to plaintiff upon said notes and mortgage, and that the defendant the St. Elmo Investment Company, an association composed of Robert N. C. Wilson, Charles R. Redick, A. M. Thornton, F. H. Lowell, and Samuel Merrill, and transacting business under said name as St. Elmo Investment Company as a common name, is personally liable therefor, and for all of the said debt, to wit, the sum of thirteen thousand three hundred and seven 22-100 dollars ($13,307.22). It is further ordered and adjudged that the hereinafter described property be sold according to law, and that the

proceeds of such sale be applied to the payment of the cost of this action incurred by plaintiff, taxed at $80.71, and to the payment of the expenses of such sale, and to the payment to plaintiff of the said sum of thirteen thousand three hundred and seven 22-100 dollars ($13,307.22) so adjudged to be due as above stated, and that any overplus of said proceeds which may remain after such application be paid to the defendant the St. Elmo Investment Company.   Upon the other hand, if such proceeds of such sale are insufficient to pay all of said sums, that upon the return of the execution herein showing such insufficiency, that the clerk of this court docket a judgment in favor of plaintiff, and against the said association defendant, the St. Elmo Investment Company, for the amount of such deficiency."

From this judgment the plaintiff appeals, claiming that it is erroneous on its face in not ordering the deficiency judgment to be docketed against the individuals composing the St. Elmo Investment Company, as well as against the association itself, and asking that the decree be modified so as to grant that relief.   The record upon which the appeal is presented consists of the amended complaint of the plaintiff, the demurrers and answers of the several defendants, and the decree, without any bill of exceptions.

The judgment therefore cannot be held erroneous, unless it conflicts with or falls short of the uncontradicted allegations of the complaint, or is self-contradictory.

We see nothing in the judgment, considered by itself and without reference to the pleadings, that is erroneous.   It is evidently based — as regards the deficiency — upon section 388 of the Code of Civil Procedure, but the contention of appellant, that neither that section nor section 414 has any application to an action to foreclose a mortgage, is not sustained by the decision which he cites.  (*Bowen* v. *May*, 12 Cal. 351.)   There was no question in that case as to the proper form of a deficiency judgment against the parties personally liable for the secured debt, and we see no reason why, if an associa-

tion of persons transacting business under a common name contracts a debt which is secured by the mortgage of one or more of the associates or of a third person, the mortgagee in his action to foreclose may not, if he chooses to do so, proceed against the association under section 388 for the purpose of obtaining a deficiency judgment binding only the joint property of the associates.

The question, therefore, is, whether this appellant did, as contended by respondents, sue the St. Elmo Investment Company, or, as he contends, sue the individuals composing that association.    To solve this question, recourse must be had to the amended complaint, the caption of which is as follows: "J. B. Goodlett, plaintiff, *v.* The St. Elmo Investment Company, Robert N. C. Wilson, Charles R. Redick, F. H. Lowell, Samuel Merrill, and F. H. Lowell, trustee of said St. Elmo Investment Company, and H. A. Barclay, defendants."    The allegations which follow, so far as they are material to the present inquiry, are, "that on the 17th of March, 1887, Samuel Merrill, Robert N. C. Wilson, Charles R. Redick, A. M. Thornton, and F. H. Lowell formed a syndicate of themselves for the purpose of acquiring, subdividing, and selling in small lots and parcels the whole of said property hereinafter mentioned, with other lands adjacent thereto, and with a view to that end entered into articles of agreement, in form and substance," etc.

As to the contents of this agreement, which is set out at length in the complaint, it is sufficient to say that it shows that the persons by whom it is subscribed — being the same persons above named — have associated themselves in business for the purpose of subdividing and selling certain tracts of land previously contracted for by different members of the association (one of said tracts being the land of this plaintiff, which was subsequently conveyed to the trustee of the St. Elmo Investment Company, and by him mortgaged to plaintiff to secure the deferred installments of the purchase price, which mortgage this suit is brought to foreclose); that

they have each subscribed three thousand dollars to the capital of the association; that it is to be known as the St. Elmo Investment Company; that for the purpose of transacting its business, Charles R. Redick shall act as chairman, A. F. Thornton as secretary, F. N. Lowell as treasurer and general manager, subject to the advice of all the members acting as a board of directors; that the shares of the association shall be represented by certificates of one thousand dollars each, to be issued by the treasurer on receipt of the money subscribed, which certificates may be transferred by the holder, whose assignee shall be entitled to all the rights of the original holder; that the capital may be increased to any extent deemed proper by the members; and that on the consummation of its objects, the capital of the association and a ratable share of the profits shall be refunded to the members.

It is next alleged in the amended complaint that on the 4th of May, 1887, F. H. Lowell, acting for and on behalf of said association, and as its trustee, obtained a conveyance of plaintiff's land, and at the same time executed the notes of the association for the deferred installments of the purchase-money, securing the same by a mortgage of said land.

The only remaining allegations of the complaint that need be stated here are contained in paragraphs 11 and 12, which are as follows:—

"11. That the defendants have or claim to have some interest in and to said mortgaged premises as purchasers, mortgagees, judgment creditors, or otherwise, which interest or claim is subsequent to and subject to the lien of plaintiff's mortgage.

"12. That all of the defendants other than said St. Elmo Investment Company have acquired, and now own, some interest in or to the shares and certificates of ownership in said St. Elmo Investment Company, mentioned in said articles of association."

The prayer of the complaint is, in general terms, "that plaintiff have judgment against the persons personally

liable for said debt for any deficiency that may remain after such sale."

From this statement of the contents of the amended complaint, it will be seen that it leaves the intention of the pleader in some doubt. It presents some indications, especially in the caption, of an intention to proceed against the association as a separate defendant, but on the other hand, there is nothing in the body of the complaint clearly indicative of an intention to proceed under section 388 of the Code of Civil Procedure, or to forego the right of plaintiff to a deficiency judgment against the individual members of the association. We think, however, that it is not very material what the intention of the pleader may have been with respect to this matter. The real question is, whether, upon the uncontradicted allegations of the complaint, the plaintiff was entitled to a deficiency judgment against the individual members of the association, all of them having been duly served with process, or, what amounts to the same thing, having appeared and answered to the merits.

The answers of the defendants do not put in issue the genuineness and due execution of the articles of association of the St. Elmo Investment Company as set out in the complaint; in other words, the formation of the company, its date, its original membership, and the terms of association are admitted, and it does not seem to be controverted that the members sustained towards each other the relation of partners, and were jointly liable as such to third persons upon obligations of the company incurred while they were such members.

The defendant Merrill alone alleges that he assigned his shares and ceased to be a member of the company as soon as its shares were issued, but he does not make it clear that this was prior to the execution of the notes and mortgage in suit.

The authority of Lowell to make the notes sued on in the name or on behalf of the company is denied in the several answers, but the judgment of the court distinctly and necessarily implies that he had such authority, and

that the notes bound the company, and therefore bound its members.

We think that on the findings implied in the decree and the admissions in the pleadings, the plaintiff was entitled to a deficiency judgment against those persons who were the members of the St. Elmo Investment Company at the date of the execution of the notes in suit, and that if the defendants Wilson, Redick, Merrill, Lowell, and Thornton were such members, the court had jurisdiction, by reason of their general appearance in the action, to render such judgment against them. But we do not think it clear, either from the decree or the pleadings, or both combined, who were the members of the association when the obligation was incurred, and therefore we are not inclined, upon the record before us, to modify the decree as requested. We think it safer to reverse the judgment for the error of the court in failing to order that deficiency docketed against the members of the St. Elmo Investment Company, and to remand the cause for further proceedings.

Our attention has been called to the fact that plaintiff, before taking this appeal, caused execution to be issued and the mortgaged premises sold, and it seems to be claimed that this is a waiver of his right to appeal from the judgment. We do not think that this action amounts to a waiver. Plaintiff's right to sell the mortgaged property was absolute, and could be exercised without prejudice to his right to appeal from that part of the decree fixing the personal liability for a deficiency of the proceeds of such sale.

The judgment of the superior court, so far as it directs the docketing of a deficiency judgment against the St. Elmo Investment Company, is reversed; in other respects, it is affirmed. The cause is remanded, with directions to the superior court to find, upon the evidence before it and such other evidence as the parties may submit, who were the members of the St. Elmo Investment Company at the date of the execution of the notes in suit,

and to order the docketing of a deficiency judgment accordingly.

DE HAVEN, J., SHARPSTEIN, J., McFARLAND, J., HARRISON, J., and GAROUTTE, J., concurred.

Rehearing denied.