## MALE *et al.* v. HARLAN *et al.*

A mortgagee who proceeds to sell the mortgaged premises under a decree of foreclosure waives his right to appeal from that part of the decree which directs that the sale shall be made subject to a lien adjudged to be prior to the mortgage.

(Opinion filed March 2, 1900.)

Appeal from circuit court, Meade county. Hon. A. J. PLOWMAN, Judge.

Action by William H. Male and others against James E. Harlan and others. The plaintiffs appeal from that part of the decree which was adverse to them. Appeal dismissed.

*Edwin Van Cise*, for appellants.

*Martin & Mason*, for respondent.

CORSON, J. This was an action to foreclose a real estate mortgage. James E. Harlan was made defendant for the reason that he held a certificate on a tax sale made of the property included in the mortgage, which the plaintiffs claimed was sub-

ject and subsequent to the mortgage. Harlan claimed that the tax certificate was a prior and paramount lien upon the property. The judgment or decree was in the usual form, decreeing the sale of the mortgaged property, and that all and each of the defendants be forever barred and foreclosed of all right, title, interest, and equity of redemption in and to the said mortgaged premises so sold, or any part thereof, unless the same should be duly redeemed within one year from the day of sale as provided by law, "excepting, however, a lien in favor of defendant James E. Harlan for the sum of $129.43, with interest thereon at 12 per cent. per annum from November 6, 1893, on account of taxes paid by him on the mortgaged premises, which lien is decreed to be prior and paramount to that of plaintiffs' and that plaintiffs' lien and the sale made under this decree shall be subject to such paramount lien in favor of defendant James E. Harlan, and also to a further lien in his favor for the sum of $17 costs, awarded to him against the plaintiffs in this action." The plaintiffs proceeded to advertise and sell the property mortgaged under this decree, and subsequently took an' appeal to this court from that portion of the judgment excepting the lien in favor of defendant Harlan. Respondent now moves to dismiss this appeal, on the ground that the appellants could not appeal from that portion of the decree entered in the lower court which was adverse to them, and at the same time enforce that portion which was in their favor; the enforcement of the decree by execution being a ratification of its validity and a waiver of their right of appeal. And in support of his motion to dismiss the respondent contends that the appellants have sold the mortgaged premises subject to defendant Harlan's

lien as required by the decree, and that they have therefore presumably made their bid with reference to that lien, and, having obtained the land for a price presumptively less than its value to the amount of the lien, they now seek to have that lien nullified and set aside; and respondent insists that the general rule, that the enforcement of the judgment by execution or otherwise is a ratification of its validity, and is an abandonment or waiver of the right of appeal, applies to this case. The appellants insist, in opposition to the motion, that they have a right to take an appeal from that part of the judgment affecting only the Harlan lien, and at the same time enforce their decree against the property mortgaged, as the sale was made and the property bid in without reference to the Harlan lien; and while they do not question the general rule, as stated by respondent, that the enforcement of the judgment by execution is a ratification of its validity, they contend that in this state, where an appeal may be taken from a part of the judgment, there are many exceptions to the general rule, and that this case comes within the exceptions.

It is undoubtedly true that, while the statute in this state does not in terms permit an appeal from a part of a judgment, such an appeal is clearly contemplated by Section 5215, Comp. Laws, which provides that the notice of appeal must state whether the appeal is from the whole or a part of the judgment, and, if from a part only, specify the part appealed from. But while an appeal may be taken from a part of a judgment, if the judgment is enforced by execution or otherwise, and is inconsistent with the part appealed from, the appeal cannot be sustained. In this case the claim of appellants that they sold the property under the judgment without reference to Harlan's

lien cannot be sustained. Whatever the actual fact might be, they must be presumed in law to have sold the property under the decree, and in accordance with its provisions, and it was not competent for the plaintiffs to legally sell the property otherwise. They therefore, in contemplation of law, did sell the property subject to the Harlan lien, and this was in effect a ratification of the validity of such lien, and a waiver of the right of appeal. The amount of the Harlan lien does not affect the principle which must govern this case. Suppose, therefore, that the Harlan lien, instead of being the small amount found to be paid for taxes, had been a mortgage lien for $2,500, which had been adjudged by the court to be a prior lien, and paramount to that of the plaintiffs; would it be seriously contended that the plaintiffs could proceed to enforce the decree by a sale of the property, and still appeal from that part of the judgment adjudging the Harlan lien prior and paramount? We think that no such contention would be made. Harlan's rights in such a case might be very seriously affected by the appeal. His claim having been adjudged to be prior, he could not be expected to redeem the property from the sale under plaintiffs' mortgage while the judgment was unreversed. Yet, if he did so fail to redeem, and on appeal the judgment should be reversed, on the ground that his lien was subsequent and subject to the lien of plaintiffs, and the time for redemption should expire pending the appeal, his right to redeem would be cut off, and he would be without remedy. The general rule as to the effect of an appeal from a judgment, or part thereof, is correctly stated by respondent. 2 Enc. Pl. & Pr. 178. See also cases cited. No case directly in point has been cited by either party, and in our researches we have not been able to

find any.   The New York courts hold that, if a party accepts any benefit under a judgment or order, it is a waiver on his part of the right of appeal.   Sperry v. Hillman (Com. Pl.) 13 N. Y. Supp. 271; Grunberg v. Blumenthal, 66 How. Prac. 62; Alexander v. Alexander, 104 N. Y. 643, 10 N. E. 37; Harris v. Taylor, 20 N. Y. Wkly. Dig. 379, Canary v. Knowles, 41 Hun. 542.   In Grunberg v. Blumenthal, *supra*, the court says: "It is a settled rule of practice that if a party proceeds under an order, or accepts any benefit thereunder, it is a waiver of his right of appeal; and if. after taking an appeal, he proceeds under the order appealed from, or accepts any benefit thereunder, he in like manner waives his appeal.   In other words, he must be consistent, and stand by the position he elects to take.   He must rely upon his appeal, or abandon his right to it, and act under the order.   He cannot do both.   He is not permitted to test the accuracy of the order by appeal, and at the same time accept any benefit which the order confers.   If he seeks by appeal to reverse the order of the court, he must in case he succeeds, leave the adverse party in the same position he was when the order appealed from was made; and if by any affirmative act of his the position of the adverse party has, as in this case, been changed, he cannot insist upon an appeal from the order previously made."   It will be observed that in the case at bar, if the appellants succeed in reversing the judgment, so far as it affects the respondent, he will be in a very different position from that he would have occupied if no appeal had been taken.

The case of Goodlett v. Investment Co., 94 Cal. 297, 29 Pac. 505, relied on by appellants, does not in our view, support their contention.   The controversy in that case was whether or not

the members of the association were liable for the deficiency judgment, and they were held to be liabie.   In speaking of the right of appeal, BEATTY, C. J., says: "Our attention has been called to the fact that plaintiff, before taking this appeal, caused execution to be issued, and the mortgaged premises sold, and it seems to be claimed that this is a waiver of his right to appeal from the judgment.   We do not think that this action amounts to a waiver.   Plaintiff's right to sell the mort-gaged premises was absolute, and could be exercised without prejudice to his right to appeal from that part of the decree fixing the personal liability for a deficiency of the proceeds of of such sale."   The right to sell the property in the case at bar was only absolute provided the sale was made subject to the prior lien of respondent.   If the judgment is reversed as to respondent, the position of the parties will be, as we have seen, very materially changed,   Appellants will be holding the title to property presumab'y purchased at a price less than its value to the extent of respondent's lien.   Respondnt's lien being ad-judged to be subsequent and subject to appellants' lien, his right of redemption will be, or might be cut off.   Our con-clusion is that the appellants, by proceeding to sell under the decree, have waived their right of appeal; and the appeal is dismissed.