### MALE *et al.* v. HARLAN *et al.*

(Opinion filed Oct. 7th, 1902.)

Appeal from circuit court, Meade county. Hon. A. J. PLOWMAN, Judge.

This case was first decided by this court in an opinion reported in 12 S. D. 627, 82 N. W. 179 in which opinion the appeal was ordered dismissed, A rehearing was subsequently granted. This opinion is upon the rehearing. The former decision is adhered to.

*Edwin VanCise,* for appellants.

*Martin & Mason,* for respondents.

HANEY, P. J. Heretofore the appeal in this action was dismissed on motion of the respondent, Harlan, for the reason

that the appellants, by proceeding to sell under a decree which directed the sale to be made subject to a lien in favor of the former, adjudged to be prior to the lien of the appellants' mortgage, waived their right to appeal from so much of the decree as established the existence and priority of respondent's lien.   Male v. Harlan, 12 S. D. 627, 82 N. W. 179. Appellant's application for rehearing was granted, and the grounds of the dismissal were exhaustively reargued by the able counsel of both parties.   Further research and reflection have served to strengthen, rather than weaken, the court's confidence in the conclusion reached in its former decision. It appears to us that counsel for appellants, in reviewing immaterial expressions therein, lost sight of the one simple and controlling proposition involved, namely, that whereas the decree directed the sale to be made subject to respondent's lien, the validity of which was established by the decree itself, appellants necessarily recognized the existence and priority of such lien by executing the decree.   They could not sell otherwise than as directed by the decree—that is, subject to respondent's lien, as therein established—and therefore necessarily accepted the condition imposed by the lower court.   If dissatisfied with such condition, they should have secured a different decree before reaping the benefits of its execution.

The views expressed in our former opinion are adhered to, and the appeal is dismissed.