[Civ. No. 1549. Third Appellate District.—December 6, 1916.]

## C. A. WEBSTER, Respondent, v. SAN JOAQUIN FRUIT AND VEGETABLE GROWERS' PROTECTIVE ASSOCIATION (a Copartnership), et al., Appellants.

UNINCORPORATED ASSOCIATIONS—LIABILITY OF MEMBERS TO CREDITORS.—While, as between the members of an unincorporated association, each is bound to pay only his numerical proportion of the indebtedness of the concern, yet, as against the creditors, each member is individually liable for the entire debt, provided, of course, the debt is of such a nature and has been so contracted as to be binding on the association as a whole.

ID.—PARTNERSHIP—LIABILITY OF PARTNERS.—An unincorporated association organized for business or profit is in legal effect a mere partnership so far as the liability of its members to third persons is concerned; and accordingly each member is individually liable as a partner for a debt contracted by the association.

APPEAL from a judgment of the Superior Court of San Joaquin County. J. A. Plummer, Judge.

The facts are stated in the opinion of the court.

Snyder & Snyder, and H. Stanley Crane, for Appellants.

George F. Buck, and Gordon A. Stewart, for Respondent.

BURNETT, J.—This action was brought to recover the sum of $1,798.05 for goods, wares, and merchandise purchased by the association for use in its business and plaintiff had the judgment. The appeal is by G. B. Gotello and Frank Lagomarsino, who were members of the association and against whom an individual judgment was rendered. It is stated by appellants that "there was no dispute as to the amount of the demand for plaintiff, and so the question involved on this appeal is simply whether the appellants can be held individually responsible for the claim of plaintiff." The criticism of appellants is addressed to the consideration that the court found a partnership existed, whereas—so it is claimed—the evidence is insufficient to show such a relation among the parties composing the association. But appellants are in error as to such finding. It is true the association is designated a partnership, but the finding is: "That the fol-

lowing named persons at all times herein mentioned were associated in business and transacted such business under a common name, to wit, the name of San Joaquin Fruit and Vegetable Growers' Protective Association, and that said persons at all of said times were associates using such common name and that said goods, wares, and merchandise referred to herein were purchased for the use of such business and were used in such business aforesaid.'' Then follow the names of the nineteen persons, including appellants, composing the association.

There is no doubt the evidence amply supports said finding, and, therefore, the case is brought within the rule announced in volume 5 of Corpus Juris, 1362, 1363, as follows: ''While as between the members of an unincorporated association, each is bound to pay only his numerical proportion of the indebtedness of the concern, yet as against the creditors, each member is individually liable for the entire debt provided, of course, the debt is of such a nature and has been so contracted as to be binding on the association as a whole. . . . An unincorporated association organized for business or profit is in legal effect a mere partnership so far as the liability of its members to third persons is concerned; and accordingly, each member is individually liable as a partner for a debt contracted by the association.''

It may be said also that at least as far as appellants and some of the other members of the association are concerned, there is sufficient evidence that there existed a partnership within the contemplation of the code definition. This is conclusively set forth in respondent's brief, but we deem it unnecessary to do more than to mention it.

The truth is, this appeal is nearly, if not quite, frivolous. However, no damages are asked, and as what may seem to the court to be frivolous is often quite decorous in the eyes of counsel, we content ourselves with affirming the judgment, and it is so ordered.

Chipman, P. J., and Hart, J., concurred.