[Civ. No. 6366. First Appellate District, Division One.—April 16, 1929.]

OLD RIVER FARMS COMPANY (a Corporation), Respondent, v. ROSCOE HAEGELIN COMPANY (an Unincorporated Association) et al., Appellants.

Harry G. McKannay and Richard Fitzpatrick for Appellants.

Randolph V. Whiting for Respondent.

PARKER, J., *pro tem.*—This is an action to recover unpaid rent. The making of the lease and the nonpayment of the last installment of the rent thereunder are admitted. The lease was between plaintiff, a corporation, and Roscoe Haeglin Company, which is described in the lease as "a Trust Association organized and existing under the laws of the State of California." Plaintiff brought this action against Roscoe Haegelin Company as an unincorporated association and certain of the members thereof, whose association and membership in the said company is not denied. Judgment was rendered in favor of the plaintiff and against all of the named defendants, and all of said defendants have appealed.

There is no contention made here that the judgment as to the defendant Roscoe Haegelin Company is in any particular erroneous. The individual defendants, against whom judgment was rendered, present this appeal on the claim that whatever may have been the liability of the defendant Roscoe Haegelin Company there was no liability on the members of said company individually. It is conceded that on the record before us the judgment against Roscoe Haegelin Company must be affirmed. We will then consider the appeal of the remaining defendants.

The complaint alleged that the Roscoe Haegelin Company was and now is a voluntary unincorporated association consisting of the defendants named and others unknown to plaintiff. The defendants herein by way of answer allege "That Roscoe Haegelin Company is a voluntary unincorporated association doing business as a joint stock company under and by virtue of a written agreement of trust." Further the defendants by way of additional answer alleged

"That in and by said written agreement of lease plaintiff agreed in writing that said written agreement of lease created no personal liability as against the trustees of the said voluntary unincorporated association in favor of said lessor, the plaintiff herein." The trial court found "That defendant Roscoe Haegelin Company now is and at all times mentioned herein was a voluntary unincorporated association, consisting of various individuals associated in business and transacting business under said common name." The court further found—and the finding is not disputed here— that at the time the indebtedness was incurred each of the individual defendants was a member of the said association, owning shares therein. In this connection it may be noted that the finding of the court discloses that some of the individual defendants were trustees of the association, while other defendants were not. The main argument advanced is as follows: "The defendant Roscoe Haegelin Company is a corporation as such term is defined in section 4 of article XII of the Constitution of the state of California."

Section 4 of article XII of the constitution of this state is as follows: "The term 'corporations' as used in this article shall be construed to include all associations and joint stock companies having any of the powers and privileges of corporations not possessed by individuals or partnerships."

Appellants then contend that the form of organization of Roscoe Haegelin Company is that of a joint stock company. Putting their argument into formula it is thus stated: Joint stock companies under the constitution are corporations; Roscoe Haegelin Company is a joint stock company: therefore Roscoe Haegelin Company under the constitution is a corporation. From this point the argument continues that, being a corporation the liability of its members or shareholders is governed by the provisions of section 3 of article XII of the constitution, as follows: Each stockholder of a corporation or joint stock association shall be individually and personally liable for such proportion of all its debts and liabilities contracted or incurred during the time he was a stockholder as the amount of stock or shares owned by him bears to the whole of the subscribed capital stock or shares of the corporation or association. However, there is another section of the constitution which has been apparently cast aside

in building up this entire argument. Section 1 of article XII reads: "Corporations shall be formed under general laws but shall not be created by special act." Should we accept, then, appellants' construction of section 4 we would then read section 1 as follows: "Sec. 1. Corporations, including joint stock associations, may be formed under the general law and not otherwise."

Approaching section 3 of article XII with this construction in mind the conclusion compelled is that the reference to stockholders of a corporation or joint stock association is intended to mean stockholders of a corporation or joint stock association formed under the general law. When the framers of the constitution in section 4 of article XII used this language: "The term 'corporation' as used in this article shall be construed to include all associations and joint stock companies having any of the powers or privileges of corporations," it seems clear that they meant thereby to create but one class of organization to be known as a corporation, and to embrace within that class joint stock companies; in other words, that there could exist no joint stock company having any of the privileges of a corporation unless said joint stock company became a corporation by compliance with general laws as provided by section 1 of article XII.

In the case at bar it is conceded that the Roscoe Haegelin Company is not a corporation organized and existing under the general laws.

The case of *Goodlet* v. *St. Elmo Investment Co.*, 94 Cal. 301 [29 Pac. 505], has many features in common with the instant case. In that case the points here discussed were not raised for the reason that it seemed conceded by the court and all parties that there was an individual liability upon the shareholders if proper pleadings sought to enforce it.

We do not feel called upon to detail the articles of agreement under which the Roscoe Haegelin Company was organized or under which it operated. Plaintiff characterizes the company as "an unincorporated association," and defendants call the company "a voluntary unincorporated association doing business as a joint stock company." From what we have already stated it is a distinction without a difference.

In *Stitzinger* v. *Truitt*, 81 Cal. App. 505 [253 Pac. 972], it is said: ''At common law joint stock companies were regarded as commercial partnerships, and in the absence of express provision statutory or otherwise, the rights and liabilities of their members are to be determined by substantially the same rules. Except in so far as such liability may be limited by statute or by special agreement with those dealing with the association, the stockholders of a joint stock company are personally liable for the debts and obligations of the company precisely as general partners are liable for the debts of the firm, and liability to creditors is not changed by the fact that the form of the association was intended to give the association the attributes of a corporation (citing 33 Cor. Jur. 889). There is no claim or pretense that the syndicate complied with any statute providing for a joint stock company or any kind of special partnership. For this reason, then, the appellants would be liable as general partners under the rule. Also their liability is of the same nature whether they be regarded as general copartners or merely as members of an association doing business under an associate name.''

See, also, *Bullard* v. *Kinney*, 10 Cal. 60; *Goodlet* v. *St. Elmo Co.*, 94 Cal. 297 [29 Pac. 505] ; *Webster* v. *San Joaquin etc. Co.*, 32 Cal. App. 264 [162 Pac. 654] ; *Leake* v. *City of Venice*, 50 Cal. App. 462 [195 Pac. 440].

In the case at bar there is nothing to indicate compliance with the statute governing limited or special partnerships, and no claim is made that the Roscoe Haegelin Company is such a partnership.

From what has been said it follows, in the absence of any special agreement to the contrary, that the individual members of Roscoe Haegelin Company are liable as general partners in as far as the claim of plaintiff is concerned.

As to appellants' further claim that plaintiff agreed in writing that the lease created no personal liability as against the trustees or members of said association in favor of plaintiff, this raises an issue of fact. The finding of the court is adverse to appellants on this issue, and there is nothing in the record before us to warrant this finding being disturbed. The contention of the appellants on this phase of the case is based upon the lease and its execution. In the body of the lease the Roscoe Haegelin Company

is described as "a trust association organized and existing under the laws of the state of California." After the lease was prepared and executed by plaintiff it was sent to the president of the association, and his execution is as follows:

"Roscoe Haegelin Company.

"No personal liability.

"By Roscoe Haegelin, Pres."

It is claimed that the words "No personal liability" determined the matter there and then.

This would not be controlling standing alone. In fact, appellants in their main contention admit that if their claims regarding a joint stock company were sound there would still remain a proportionate personal liability. We do not feel that the claim merits further discussion. The trial court went fully into the circumstances surrounding the execution of the lease, and found that there was no waiver of personal liability and, as indicated herein, we do not think that there is any peculiar magic in the phrase as inserted. The words are too general to have the effect claimed, and would not overcome the facts themselves and the law applicable thereto.

It must be noted that at no time did the Roscoe Haegelin Company or its members or the individuals comprising said association ever claim to be anything but a voluntary unincorporated association, working under a trust agreement. Even in the pleadings the company was so designated up to and after the actual trial when, by permission of court, the words "as a joint stock company" were inserted to describe the company as "a voluntary unincorporated association doing business as a joint stock company under and by virtue of a written agreement of trust." In the articles of agreement we find no mention of or characterization of the company as a joint stock company. There was filed in the office of the county clerk a "Notice of Individuals transacting business under the name of Roscoe Haegelin Company," wherein notice was given that certain individuals were transacting business as trustees under an agreement and declaration of trust under the firm name and style of Roscoe Haegelin Company. Application was made to the commissioner of corporations for a permit to issue and sell shares of stock, wherein the concern was described as "Roscoe Haegelin Company, an unincorporated

association doing business under an agreement of declaration of trust.'' In no place nor at any time did appellants represent the company as a joint stock company.

The law has anticipated that individuals may desire to embark in business ventures without risking their entire capital, and has provided for just such cases by ample statutory enactments and by direct constitutional provisions. Appellants, however, attempt to disregard all of these wise and salutary laws, and ask us to hold them as naught. This we decline to do.

Judgment affirmed.

Tyler, P. J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 16, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 13, 1929.

Seawell, J., and Langdon, J., dissented.