[Civ. No. 6758.   Third Dist.   Apr. 1, 1942.]

WALTER GOULD LINCOLN et al., Petitioners, v. THE SUPERIOR COURT OF MADERA COUNTY et al., Respondents.

Walter Gould Lincoln, in pro. per., for Petitioners.

Newby & Newby, David E. Peckinpah, Neice & Crane and David P. Barcroft for Respondents.

CURLER, J. pro tem.—This is an application for a writ of prohibition to prohibit the Superior Court of the County of Madera, from continuing in force a restraining order which prohibited the Petitioners, Walter Gould Lincoln and M. W. Beale from prosecuting or taking any further steps for the prosecution of certain actions pending in the Superior Court of Los Angeles County, and in the Municipal Court of the City of Los Angeles, until the trial of a certain action in the Superior Court of Madera County, numbered 5992, had been completed, or until the further order of said Madera County court.

The complaint filed in the Superior Court of Madera County which formed the basis for the restraining order issued by that court, alleged in brief, as follows:

That Roger Averill was the owner of certain farming lands situate in Madera County, California, and that there were associated with him in his farming enterprises carried on upon said lands, Paris A. Davis and Jesse F. Lincoln. That upon the advice of Walter Gould Lincoln,

attorney at law, who was sole legal adviser and confidential agent of Roger Averill, the said lands and personal property used in farming the same were formed into four Massachusetts trusts. That these trusts were created in the State of Nevada, and that the first trustees of all of said trusts were Nevada residents. That the beneficial interest in each trust was divided into one hundred units. That ten units of each trust were turned over to Jesse F. Lincoln, ten of the units of each trust were turned over to Paris A. Davis, and eighty units of each trust were retained by Roger Averill. That Roger Averill, desiring to secure Walter Gould Lincoln for any attorney fees that might be coming to him as attorney for Averill for any services to be rendered in the probating of Averill's estate, offered to issue to Walter Gould Lincoln an authorization for ten units of each trust, said authorization not to be used until the death of Averill, and only then in case Lincoln had anything coming to him for legal services rendered as above stated. That upon the advice of Walter Gould Lincoln, the authorization was issued in the name of M. W. Beale, Lincoln's secretary, in whose name, Lincoln stated, all of his personal property was held. That contrary to instructions, Walter Gould Lincoln and M. W. Beale had ten units in each trust issued in the name of M. W. Beale. That M. W. Beale is a trustee of each of the four trusts, and refuses to cooperate with the other trustees of said trusts in signing papers necessary to borrow money for the operation of the farming properties. That Roger Averill finds that he cannot efficiently operate the farms under the trusts, and that he no longer has control over the same, because control is vested in the trustees. That each of the trusts is qualified under the laws of California, to do business in this state; and that declarations of all of the trusts were recorded in Madera County. That advice given by Walter Gould Lincoln as to the advantages of putting the farm properties into trusts, was knowingly false and made with the intent of complicating the affairs of Roger Averill and of making business for himself as an attorney. That in the month of December, 1938, Walter Gould Lincoln filed petitions in the Superior Court of Madera County for orders confirming and appointing the then trustees of the three trusts which held the real estate; and that orders were received from said court confirming the trustees of said

trusts. That M. W. Beale, on January 25, 1939, by Walter Gould Lincoln, as her attorney, filed in the Superior Court of the State of California, in and for the County of Los Angeles, action numbered 435987, against Katherine Averill Bridges, for the purpose of having Katherine Averill Bridges removed by the court as a trustee of Lincoln Ranch Company trust, and having the court select and appoint another trustee in her place—also in said action, M. W. Beale asked the court to nullify the removal of herself as a trustee of said trust and to reinstate her as such trustee. That M. W. Beale, on May 20, 1941, on the advice of Walter Gould Lincoln, caused to be filed in the Superior Court of Los Angeles County, action numbered 464355, wherein said M. W. Beale, as trustee of one of the trusts, to-wit: Roger Averill and Associates, is plaintiff, and Katherine Averill Bridges, as trustee of the said trust, is defendant. That Walter Gould Lincoln is attorney in said action; and that the complaint prays for an accounting and certain other relief, including attorney fees for the said Walter Gould Lincoln. That said action was brought to harass and interfere with the management of the said trust and its business, and is still pending, being set for trial on October 6, 1941. That M. W. Beale, as trustee of said trust, also commenced action numbered 467192 in the Superior Court of Los Angeles County against her co-trustee Katherine A. Bridges, and the San Joaquin Cotton Oil Company for the removal of Katherine A. Bridges as trustee of said trust. Walter Gould Lincoln is attorney for plaintiff in said action, and asks for a reasonable attorney fee, either from Katherine A. Bridges or from the trust's properties. Said action has not been set for trial. That Walter Gould Lincoln commenced, in the Municipal Court of Los Angeles, County of Los Angeles, State of California, on December 31, 1940, action numbered 569221 against the Lincoln Ranch Company, a voluntary trust, for the recovery of attorneys fees in the sum of $2,000.00; and on the 31st day of December, 1940, commenced, in the Municipal Court of Los Angeles, action numbered 569222 against the Davis Ranch Company, a voluntary trust, for the sum of $2,000.00 attorney fees; and on the 24th day of January, 1941, commenced action numbered 571512 in the Municipal Court of Los Angeles County against Averill Ranch Company, a voluntary trust, for the sum of $2,000.00 attorney fees; and on

the 24th day of March, 1941, commenced action numbered 571513 in the Municipal Court of Los Angeles against Roger Averill and Associates, a voluntary trust, for the sum of $2,000.00 for an attorney fee. The complaint further alleged that Walter Gould Lincoln has threatened to bring, or cause to be brought, other actions against plaintiff and other trustees of said four trusts, and unless restrained, will file other actions against said plaintiffs and against the trustees of said trust. In the complaint it is alleged that all actions affecting the said four trusts, or affecting the trustees or beneficiaries thereof, or to recover compensation for legal services, or for an accounting by said trustees, should be heard in one action in order to avoid multiplicity of suits; and that all actions, other that the one filed in Madera County, upon which the restraining order was issued, should be enjoined. Plaintiffs, constituting part of the trustees of each of said four trusts, desire to terminate the trusts, and liquidate their affairs, and due to differences arising between beneficiaries named in the trusts, desires a declaration of their rights in the County of Madera.

In the prayer for relief, plaintiff in the Madera County action asked that the four trusts be dissolved and the trustees of each, after an accounting, be discharged; that the trustees be required to transfer to the grantors and transferors from whom they received the legal title, the trusts' property; that defendants, Walter Gould Lincoln and M. W. Beale, be enjoined from further prosecution of any of the actions described in the complaint, or from filing or prosecuting any other actions affecting the trusts, until the further order of the court; that defendants Walter Gould Lincoln and M. W. Beale, be required to seek any and all relief against said trusts in this action, and not otherwise; that the certificates for ten beneficial interests in each of said four trusts issued to M. W. Beale, be declared to be void and of no effect, and be delivered to the court for cancelation; and that the terms upon which the trusts may be dissolved, and the property held by the trustees reconveyed and transferred to the person or persons entitled thereto, be determined.

Upon the complaint being filed, the Superior Court of the State of California, in and for the County of Madera, issued an order restraining defendants M. W. Beale and Walter Gould Lincoln from further proceeding with any of the cases

mentioned in the complaint, and further restrained them from further prosecuting any other actions affecting the trusts, until the further order of the court.

M. W. Beale and Walter Gould Lincoln petitioned this court for an alternative writ of prohibition, and the same has issued. The question here involved is the validity of the restraining order of the Superior Court of Madera County.

Since the argument on the application for an alternative writ of prohibition, Walter Gould Lincoln and M. W. Beale have moved to extend the record by adding thereto three exhibits, consisting of (A) a copy of the petition filed in the Superior Court of Madera County for confirmation of the trustees of the Lincoln Ranch Company, a voluntary trust, (B) consent of the beneficiaries of the Lincoln Ranch Company, a voluntary trust, to the confirmation of the trustees of that trust, and (C) judgment of the Superior Court of Madera County, appointing and confirming any previous appointment of J. F. Lincoln, F. K. Averill, and M. W. Beale as trustees of Lincoln Ranch Company, a voluntary trust.

In the complaint filed in the Superior Court of Madera County, there is an attempt to state the contents of the petition for confirmation of trustees, and the consent of the beneficiaries to the confirmation. There is also a statement that the court made an order confirming the trustees, and that by reason of these proceedings, the Superior Court of Madera County acquired exclusive jurisdiction over the trust properties, etc. The conclusion of the pleader, that by reason of the filing of a petition, the consent of the beneficiaries to the confirmation of the trustees, and the order confirming the trustees, the court acquired exclusive jurisdiction over the trust properties, etc., is a mere conclusion of law and will be disregarded by this court. (*Union Bank & Trust Co.* v. *County of Los Angeles*, 2 Cal. App. (2d) 600 [38 P. (2d) 442].) Taking this view of the pleading, we see no useful purpose to be served by permitting an extension of the record, and the motion for the same is denied.

If section 3423 of the Civil Code applies in this case, then there are only two questions involved, i. e., (A) Is there a multiplicity of proceedings involved or threatened? (B) Do the petitioners have a plain, speedy and adequate remedy at law in the action brought in Madera County? Section 3423 of the Civil Code, so far as it applies to this case, reads as follows:

"An injunction cannot be granted: First—to stay a judicial proceeding pending at the commencement of the action in which the injunction is demanded, unless such restraint is necessary to prevent a multiplicity of such proceedings."

■ Although the order of the Superior Court of Madera County was designated as a restraining order, and although the language of the above section only applies to injunctions, it is clear that the use of the word "injunction" in the section is intended to apply to restraining orders as well as to injunctions; because, unless a preliminary injunction could follow the restraining order, the latter would be without purpose. Furthermore, in the body of the order issued by the Madera County Superior Court, it refers to its order as an injunction. In addition, the order restrains the acts not only until the hearing on the preliminary restraining order, but also restrains the acts "until the further order of this court." ■ It is the law in this state that regardless of what an order is called by the court issuing it, that if the restraint is "until the further order of the court," that it is a preliminary injunction. (*Neumann* v. *Moretti*, 146 Cal. 31 [79 Pac. 512].) It is, therefore, our opinion that section 3423 of the Civil Code is controlling in this case.

■ Before determining whether there is a multiplicity of proceedings involved, it will be necessary to determine the status of a Massachusetts trust in this state. Regardless of what conflict of opinion might have heretofore prevailed, it has been settled in the case of *Old River Farms Co.* v. *Roscoe Haeglin Co.*, 98 Cal. App. 331 [276 Pac. 1047], that a joint stock company (of which a Massachusetts trust is one form) is in effect a copartnership. The Massachusetts trusts here involved are really copartnerships, with the partnership property vested in trustees.

■ Turning now to the suit filed in Madera County, it appears that the real object was to dissolve the partnership and to revest the partnership property, which had been held in trust, in the persons entitled thereto. The purpose of the temporary restraining order or preliminary injunction, which followed the filing of the suit in Madera County, was to keep the partnership property intact until the dissolution of the partnership could be effected.

Although the partnership business was conducted under four different names. i. e., Lincoln Ranch Company, a voluntary trust, Davis Ranch Company, a voluntary trust, Averill

Ranch Company, a voluntary trust, and Roger Averill and Associates, a voluntary trust, P. A. Davis and wife owned ten per cent of each trust in which the partnership property was held, J. F. Lincoln and wife owned ten per cent, Roger Averill owned seventy per cent, and M. W. Beale owned ten per cent. In other words, there were four partners doing business under four different names, but in reality it was just one partnership. The object of the four suits filed in the Municipal Court of Los Angeles by Walter Gould Lincoln, was to collect an attorney fee from each of the four trusts for legal services rendered in the formation of said trusts. However, the four trusts were formed at the same time—the legal services were rendered for the same parties, and the partners were equally benefited, whether legal services were rendered to one trust, to two, or to all. To permit four different actions to be brought against the partners because they conducted their business under four separate names, would amount to the same as permitting an attorney who had rendered legal services to a partnership over a period of several years, to bring a separate suit for services against the partners for each separate piece of legal work rendered. In each of the three suits filed in the Superior Court of the State of California, in and for the County of Los Angeles, M. W. Beale, as trustee of one of the trusts, is plaintiff, and Katherine Averill Bridges, as a trustee of one of the trusts, is defendant. In one suit, an accounting is sought from the co-trustee of Roger Averill and Associates trust, together with an attorney fee; in another suit, the removal of the co-trustee of Roger Averill and Associates trust, and the appointment of another, is sought; and in the third suit, the removal of the co-trustee of Lincoln Ranch Company trust, and the reappointment of M. W. Beale, as trustee, is sought. Although each suit is filed against Katherine Averill Bridges, instead of against the partnership doing business under one of its four fictitious names, the trustees are simply the names under which the partnership assets are held, and the real purpose of these actions directly affect the partnership. Although there seems to be no California decision covering a definition of the term "multiplicity of proceedings," there are decisions in other states defining "multiplicity of suits." In the case of *Illinois Steel Company* v. *Schroeder*, 133 Wis. 561 [113 N. W. 51, 55, 126 Am. St. Rep. 977, 14 L. R. A. (N.S.) 239], the Wisconsin Court states that the term applies "where

one party may be sued several times in relation to the same subject matter in its entirety, or in respect to some element or elements thereof.''

It is therefore our conclusion that a ''multiplicity of proceedings'' are involved, and that the Madera County Superior Court properly exercised its power in restraining the suits filed in Los Angeles. Having arrived at the conclusion that there is a ''multiplicity of proceedings'' involved, it is unnecessary to consider whether petitioners have a plain, speedy, and adequate remedy at law in the action brought in Madera County.

It is hereby ordered that the alternative writ of prohibition issued out of this court be discharged, and that the peremptory writ be denied.

Thompson, Acting P. J., and Tuttle, J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied May 28, 1942.