[Civ. No. 7225. Third Dist. Apr. 2, 1946.]

KADOTA FIG ASSOCIATION OF PRODUCERS (a Growers Cooperative Association), Appellant, v. CASE-SWAYNE COMPANY (a Partnership) et al., Respondents.

C. Ray Robinson, Samuel V. Cornell and Margaret A. Flynn for Appellant.

Johnson, Harmon & Stirrat and Adams & Griswold for Respondents.

THOMPSON, J.—The plaintiff has appealed from an order of the court sustaining defendants' demurrer without leave to amend, dismissing the action, and vacating a previous order in which it had sustained defendants' demurrer to the complaint for lack of capacity of plaintiff to maintain the action because of its failure to file the certificate required by sections

2466 and 2468 of the Civil Code, but had granted plaintiff leave to amend.

The theory upon which the court dismissed the action is that the association, as a business or Massachusetts trust, whose directors are subject to replacement and election by the shareholders, is not a true or pure trust, but on the contrary it must be treated as a copartnership (*Goldwater* v. *Oltman*, 210 Cal. 408, 420 [292 P. 624, 71 A.L.R. 871]), and is therefore required to comply with the statute by filing the certificate disclosing the names of its members.

The appellant contends that since it is an unincorporated agricultural association organized under the federal Capper-Volstead Act (7 U.S.C.A. p. 151, § 291), it is exempt from the provisions of sections 2466 and 2468 of the Civil Code of California, and that the court erred in sustaining the demurrers and dismissing the action without granting plaintiff leave to amend the complaint since it does not appear from that pleading what the nature of the association is, or that it has not complied with the statute in that respect.

One of the important questions on this appeal is whether the complaint can be amended so as to exempt the plaintiff from the necessity of conforming to sections 2466 and 2468 of the Civil Code, if those sections are applicable as the complaint now stands. It is not alleged that plaintiff, as "a Growers Cooperative Association" was *incorporated* under division VI, chapter 4, of the Agricultural Code, nor that it was *incorporated* under the federal "Capper-Volstead Act." It is merely alleged that it was *organized* under the last mentioned act, with its principal place of business in Merced, California. The Capper-Volstead Act does not require such producing and marketing associations to be incorporated. Nor does the complaint allege that plaintiff was doing business as a trustee for its individual farmer members. The complaint is based on an alleged breach of a written agreement with certain named individuals. If the organization is a trust, as plaintiff contends that it is, it does not appear whether it is a business trust, or whether, on account of the nature of the organization, it is deemed to be a mere copartnership. Assuming that the demurrer to the complaint was properly sustained for failure to allege facts sufficient to state a cause of action, it will still become necessary for us to determine whether the court abused its discretion in dismissing the action without permitting plaintiff to amend the pleading by stating facts

showing that it is either exempt from the provisions of those sections of the Civil Code, or that it has complied therewith. It has been held that compliance with those sections may be shown at any time before trial.

A complaint, based upon a written agreement between the plaintiff and the defendants, for an accounting and for money received, was filed in the name of "Kadota Fig Association of Producers, a Growers Cooperative Association," without naming the members, shareholders, trustees or directors. The only description of the nature of the organization is found in paragraph I of the complaint. It recites "That it now is, and at all times herein mentioned has been, a Growers Cooperative Association organized under the Capper Volstead Act, with its principal place of business in the City of Merced, County of Merced, State of California." Two separate demurrers were filed, on the chief grounds that the complaint fails to state facts sufficient to constitute a cause of action and "That the plaintiff has not legal capacity to sue." (See Code Civ. Proc., § 430.) The demurrers asked that the cause be dismissed. In support of their demurrers, Hugh H. Griswold, one of their attorneys, at the same time filed his affidavit averring that he had examined the Merced County records and found a document only affecting the plaintiff, entitled "Kadota Fig Association of Producers," which purports to be an agreement between certain farmers to cooperate in the raising of fruit and other farm products, as an unincorporated association without capital stock, with its principal place of business in Merced County; that the name of the association is fictitious, and that no certificate or affidavit of publication of the names of its members, as required by sections 2466 and 2468 of the Civil Code, was on file in the county clerk's office. The alleged agreement of association is not otherwise before this court. Its terms do not appear in the complaint. July 7, 1945, the court made its order sustaining the demurrers "on the ground that the plaintiff has no legal capacity to sue by reason of its failure to comply with sections 2466 and 2468 of the Civil Code." The plaintiff was then granted thirty days to amend the complaint. On motion of counsel for the defendants, the court set the last mentioned order aside on July 18th, and dismissed the action. From that order the plaintiff has appealed.

We assume the court correctly determined that if the plaintiff was organized as an unincorporated cooperative business

association, with its principal place of business in Merced County, California, subject to the power of replacement and periodical election of its directors or trustees by the shareholders or members, in accordance with its written agreement of association, it is not a true or pure trust, as the plaintiff contends that it is, and that, on the contrary, under such circumstances, it must be treated as a copartnership business. (*Goldwater* v. *Oltman, supra.*) ■ If the agreement of association created a copartnership with its principal place of business in Merced County, California, under a fictitious name, it would not be authorized to *maintain* this action without publishing and filing the certificate designating the names of its members as required by sections 2466 and 2468 of the Civil Code. ■ The trustees of a common-law trust or an absolutely true trust may maintain an action in their own names. (*Coneland Water Co.* v. *Nickalls,* 75 Cal.App. 212 [242 P. 518]; 20 Cal.Jur. 493, § 12; 65 C.J. 1114, § 1073; Code Civ. Proc., § 369.) ■ When an action is brought by trustees for the benefit of others the complaint should so allege. The present action was not brought in the names of the alleged trustees. It was instituted in the fictitious name of the organization. The real parties in interest are the beneficiaries under the business agreement, and not the trustees or directors. ■ The reason for requiring an action to be prosecuted in the name of the real parties in interest (Code Civ. Proc., § 367) is to save the defendants from a multiplicity of suits and from further annoyance and vexation, and to fix and determine the real liability, if any, which is alleged in the complaint. (*Andrews v. Glick,* 205 Cal. 699 [272 P. 587]; *Los Robles Water Co.* v. *Stoneman,* 146 Cal. 203, 210 [79 P. 880]; 20 Cal.Jur. 490, § 10.) ■ The liability of trustees of a pure trust is quite different from that of copartners. In a real trust, in which the trustees have complete control of the business, they are exempt from direct personal liability to creditors. But if the trustees are subject to control of the creators of the trust, the creators are liable as partners. (*Goldwater* v. *Oltman, supra,* p. 418; *Old River Farms Co.* v. *Roscoe Haegelin Co.,* 98 Cal.App. 331 [276 P. 1047].) All partners are jointly and severally liable for everything chargeable to the partnership, and the partners are jointly liable for all other debts and obligations. (Civ. Code, § 2409.)

The question of whether a partnership exists is ordinarily one for the determination of the court from the facts adduced and inferences to be drawn therefrom. (*Spier* v. *Lang*, 4 Cal.2d 711, 716 [53 P.2d 138].)

It is true that two or more persons who are associated to do business "under a common name" *may be sued* under such common name whether it contains the names of the associates or not. (Code Civ. Proc., § 388.) But that section does not authorize such persons *to institute and maintain an action, as plaintiffs*, under their business name which fails to disclose the individual members. Section 2468 of the Civil Code merely prohibits persons doing business under a fictitious name from *maintaining* an action without complying therewith and with section 2466 of the same code. The statute is relaxed with respect to suits *against* such persons conducting business in a common name. But that modification does not *apply to plaintiffs* who seek to maintain an action against other persons. In the case of *Ginsberg Tile Co.* v. *Faraone*, 99 Cal.App. 381 [278 P. 866], the court says, at page 384:

"But it will be noted that the rule was relaxed with respect to defendants only. Had the legislature intended to authorize or sanction a procedure such as that attempted here, obviously it would have been necessary simply to have provided that 'the associates may *sue* or be sued by such common name.' "

The appellant argues that this cooperative association must be classified the same as a corporation under article XII, section 4 of the California Constitution. That section reads:

"The term corporations, as used in this article, shall be construed to include all associations and joint-stock companies having any of the powers or privileges of corporations not possessed by individuals or partnerships; and all corporations shall have the right to sue and be subject to be sued, in all Courts, in like cases as natural persons."

The same contention regarding the character of a Massachusetts trust, similar to the one which is here involved, was refuted by the opinion in *Old River Farms Co.* v. *Roscoe Haegelin Co., supra,* in which it was held that it is not classed as a corporation with the right to sue and be sued in the name of the association, because it was not "organized and existing

*under the general laws.''* (Italics added.) On the contrary, it was organized by an agreement of association and not under the general laws. In the case last cited it was held that since the association was not a pure trust its members were personally liable. The judgment against both the company and the individual members was affirmed. In accordance with that decision it was held in *Lincoln* v. *Superior Court,* 51 Cal.App. 2d 61, at page 67 [124 P.2d 179] :

"It will be necessary to determine the status of a Massachusetts trust in this state. Regardless of what conflict of opinion might have heretofore prevailed, it has been settled in the case of *Old River Farms·Co.* v. *Roscoe Haegelin Co.,* 98 Cal.App. 331 [276 P. 1047], that a joint stock company (of which a Massachusetts trust is one form) *is in effect a copartnership . . .* with the partnership property vested in trustees.'' (Italics added.)

We think the two cases last cited dispose of the appellant's contention adversely to it, that this cooperative association is deemed to be the same as a corporation with the right to sue and be sued in its name in the same manner as natural persons.

But, in spite of the foregoing conclusions, we are persuaded the trial court erred in sustaining the demurrers and dismissing the case for lack of capacity to sue, without permitting plaintiff to amend its complaint, since it does not appear from the face of the complaint what the nature of the plaintiff association is; that it is in fact a copartnership or that it has not complied with the provisions of sections 2466 and 2468 of the Civil Code. In determining "the lack of capacity to sue,'' the court relied on the affidavit which was filed, and not upon the allegations appearing on the face of the complaint. On the question of an alleged abuse of discretion in sustaining a demurrer without leave to amend the pleading, this court held, in *National Automobile Ins. Co.* v. *Winter,* 58 Cal.App.2d 11, at page 17 [136 P.2d 22] :

"On the hearing of a demurrer, therefore, the court is bound by the facts as alleged in the pleading attacked by the demurrer, *and it is not entitled to consider facts presented to it through the medium of an affidavit. (Mackay* v. *Clark Rig Bldg. Co.,* 5 Cal.App.2d 44 [42 P.2d 341].) '' (Italics added.)

In *Ginsberg Tile Co.* v. *Faraone, supra,* at page 388, wherein

defendant's demurrer and motion to dismiss the action for lack of capacity to sue, was granted, it was held that:

"The granting of the motion to dismiss was tantamount—so far as the question of amendment is concerned—to the sustaining of the demurrer without leave to amend."

Quoting with approval from *James* v. *P. B. Steifer Min. Co.*, 35 Cal.App. 778, 788 [171 P. 117], the court said in the Faraone case, *supra*:

" 'While the demurrers were properly sustained, . . . the plaintiffs ought to be permitted to amend in order that the case may be decided upon the merits rather than upon technical rules of pleading. "Unless it be clear to a trial court that a defective complaint cannot be amended so as to obviate the objections made thereto, a plaintiff desiring it should be allowed reasonable opportunity to so amend." (*Payne* v. *Baehr*, 153 Cal. 441, 447 [95 P. 895].)' "

The case of *Andrews* v. *Glick, supra*, upon which the respondent relies in support of the order dismissing this case for lack of plaintiff's capacity to sue, is not in conflict with what we have previously said regarding plaintiff's right to amend its pleading if it so desires. In the Andrews case the action was not dismissed until after the answer had been filed. The fact affirmatively appeared, without dispute, that the plaintiff, as a copartnership, was maintaining the suit in the fictitious name of "Andrews-Cordano Plumbing Company," without complying with the provisions of sections 2466 and 2468 of the Civil Code. The fact that the plaintiff was a copartnership was alleged in the complaint. The answer admitted that fact. It was conceded by the pleadings on file. The answer further alleged that plaintiff failed to comply with the statute in question. No evidence by affidavit or otherwise was involved in that case or relied upon by the trial court. It was assumed that the admissions of the complaint and answer justified the court in dismissing the action because it appeared therefrom that the plaintiff lacked capacity to maintain the suit.

An objection to the maintenance of an action on the ground that plaintiff has not complied with the provisions of sections 2466 and 2468 of the Civil Code by filing and publishing the certificate required thereby, is a mere matter of abatement pending the trial, which has the result of suspending the trial until the statute is complied with. It is not jurisdictional. (*Bryant* v. *Wellbanks*, 88 Cal.App. 144, 150 [263

P. 332]; *California Savings & Loan Soc.* v. *Harris,* 111 Cal. 133, 136 [43 P. 525]; *Ontario State Bank* v. *Tibbits,* 80 Cal. 68 [22 P. 66]; 1 C.J.S. 129, § 91.)  In the authority last cited it is said:

"The failure of an individual or partnership plaintiff, doing business under an assumed, fictitious, or representative name, to comply with an applicable statute requiring the filing of a prescribed affidavit or certificate, is merely a matter in abatement, until the statute is complied with."

In the Bryant case, *supra,* it is said that it is a sufficient compliance with section 2468 of the Civil Code if the certificate is filed and published "at any time before trial."

█ The statute in question does not prohibit the instituting or commencement of an action for failure to file the certificate.  It merely forbids the *maintenance* of the action "until the certificate has been filed and the publication has been made."  Before an action is finally dismissed on that ground, prior to the trial the plaintiff should be given an opportunity to comply with the statute if it so desires.  █ Moreover, in the present case, in the absence of an answer or competent evidence on the trial of that issue, it does not appear that plaintiff is a copartnership which is required to file the certificate.  █ The grounds for a mere abatement of an action may be waived.  █ Pleadings in abatement should be strictly construed.  The allegation in the demurrer that the plaintiff had not legal capacity to sue is purely and only a conclusion of law, and of itself tendered no issue of fact.  (*Ontario State Bank* v. *Tibbits, supra.*)

The judgment of dismissal is reversed and the court is directed to grant plaintiff a reasonable time within which to amend its complaint if it so desires.

Adams, P. J., and Peek, J., concurred.

A petition for a rehearing was denied May 2, 1946, and respondents' petition for a hearing by the Supreme Court was denied May 27, 1946.