Filed 2/4/25  Villareal v. LAD-T CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| ALBERT VILLAREAL, | B333944 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. |
| v. | No. 20STCV32252) |
| LAD-T, LLC, dba TOYOTA OF DOWNTOWN LOS ANGELES et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County, Stephanie M. Bowick, Judge.  Affirmed.

Fine, Boggs & Perkins, Michael K. Perkins and William D. Wheelock for Defendants and Appellants.

Employee Justice Legal Group, Kaveh S. Elihu and Matias N. Castro for Plaintiff and Respondent.

————————————

In its previous appeal, LAD-T, LLC, dba Toyota of Downtown Los Angeles (LAD-T), and its parent company Lithia Motors Inc. (collectively, defendants) appealed from a June 2022 order denying their motion to compel arbitration of Albert Villareal's claims brought under the California Fair Employment and Housing Act (FEHA; Gov. Code, § 12900 et seq.). The trial court had found that Business and Professions Code section 17918 (section 17918) barred defendants from enforcing an arbitration agreement made in the name of an unregistered fictitious business, DT Los Angeles Toyota. Nearly a year later—and 10 months into their appeal—LAD-T filed its one-page fictitious business name statement, and defendants argued in their reply brief that the registration rendered the trial court's order denying their motion to compel arbitration moot.

In *Villareal v. LAD-T, LLC* (2022) 84 Cal.App.5th 446 (*Villareal I*), we held section 17918's fictitious business name registration requirement obligated LAD-T to file a fictitious business name statement in order to enforce the arbitration agreement, but the failure to do so only abated the trial court proceeding until LAD-T complied. We vacated the order denying defendants' motion to compel arbitration and remanded for the court to reconsider the motion, directing the court to evaluate "the narrow issue of whether defendants have waived their right to compel arbitration by their delay in filing the fictitious business name statement." (*Villareal I*, at p. 465.) Defendants now appeal from the trial court's order again denying their motion to compel arbitration. They contend the court erred in finding their yearlong delay in filing the fictitious business name statement constituted a waiver of their right to compel

2

arbitration.  Substantial evidence supports the court's finding of waiver, and we affirm.

## BACKGROUND AND PROCEDURAL HISTORY

A.    *The Complaint*[1]

As alleged in the complaint, Villareal began working for defendants as a car salesman in 2015.  On February 1, 2018 Villareal injured his knee and back and was unable to walk without difficulty.  He returned to work on March 1 and continued to work until June 4, 2018, when he took leave due to recurring pain.  He underwent knee surgery in August 2018. Following the surgery, Villareal was placed on two months' medical leave.  On October 30, 2018 Villareal informed defendants his medical provider had extended his medical leave for another three months.  Defendants terminated Villareal's employment the following day.

Villareal filed this action on August 24, 2020, asserting, among other claims, causes of action under FEHA for discrimination, retaliation, failure to provide reasonable accommodation, and failure to engage in a good faith interactive process; and causes of action for retaliation in violation of the

---

[1]    Our discussion of the proceedings through defendants' first appeal is taken from *Villareal I, supra*, 84 Cal.App.5th at pages 452 through 455.

On August 12, 2024 Villareal filed a request that we take judicial notice of the three-volume clerk's transcript in *Villareal I*. We construe this request as a motion to augment the record on appeal, which we grant.  (Cal. Rules of Court, rule 8.155(a)(1)(A).)

3

California Family Rights Act (CFRA; Gov. Code, § 12945.2) and wrongful termination in violation of public policy.

B.     *Motion To Compel Arbitration*

On October 14, 2020 defendants filed a motion to compel arbitration. As set forth in the motion and supporting documents, on June 27, 2017, when Villareal commenced employment with LAD-T (which had acquired the car dealership where he already worked), he signed documents entitled "At Will Employment Agreement" and "Binding Arbitration Agreement" that constituted an agreement to arbitrate his claims (collectively, the agreement). The agreement stated it was "[b]etween DT Los Angeles Toyota and Albert Villar[]eal."

In opposition, Villareal argued there was no valid arbitration agreement because DT Los Angeles Toyota was neither a legal entity nor a fictitious business name. The dealership where Villareal worked operated under the name Toyota of Downtown LA or Toyota of Downtown Los Angeles. DT Los Angeles Toyota was a nonentity and lacked the capacity to contract or consent to the agreement. Moreover, under section 17918 defendants could not maintain an action to enforce an agreement made in the name DT Los Angeles Toyota because they had not filed a fictitious business name statement with the Los Angeles County Registrar-Recorder/County Clerk (Registrar-Recorder). Villareal also argued the arbitration agreement was procedurally and substantively unconscionable.

Defendants admitted in their reply memorandum that "the legal entity 'DT Los Angeles Toyota' was never an entity in existence." Defendants acquired several dealerships in 2017, and DT Los Angeles Toyota was an "internal DBA" they used to

4

populate employment-related documents to identify the specific dealership where Villareal and other salespeople worked. Defendants argued that "minor variations in the name of the employer" do not invalidate an arbitration agreement, and Villareal was not confused about "the entity that provided him electronic access to his onboarding paperwork," especially because Villareal continued to work for the dealership for more than a year after signing the agreement.

On June 1, 2021 the trial court denied defendants' motion to compel arbitration. The court found the Federal Arbitration Act (FAA; 9 U.S.C. § 1 et seq.) governed the agreement; defendants met their burden of showing a valid agreement to arbitrate; and Villareal did not carry his burden to show procedural and substantive unconscionability. However, defendants could not enforce the agreement because they failed to file a fictitious business name statement as required by the Business and Professions Code. Specifically, section 17910 requires that any person who "regularly transacts business" for profit in California under a fictitious business name must file a fictitious business name statement with the clerk of the county. Section 17918 provides that a party who fails to file a valid statement cannot "maintain any action upon or on account of any contract made . . . in the fictitious business name in any court of this state until the fictitious business name statement" has been filed. The court found, "[Villareal] sufficiently establishes that a fictitious business name statement was never filed and therefore Defendants cannot maintain the instant proceeding to compel arbitration, which is in essence a suit in equity to compel specific performance of a contract."

Defendants timely appealed on June 18, 2021.

5

C.    Villareal I *and the May 2022 Fictitious Business Name Statement*

In their opening brief in *Villareal I*, defendants argued that minor variations in an employer's name—in this case, DT Los Angeles Toyota rather than Toyota of Downtown LA—do not invalidate an arbitration agreement, and there was no evidence Villareal was confused about the identity of his employer. Further, Villareal waived any defense to enforcement under section 17918 by failing to raise it in an answer within 10 days of defendants' motion to compel arbitration, and to the extent section 17918 barred enforcement of the agreement, it was preempted by the FAA.

Villareal filed his respondents' brief on April 15, 2022. On June 27, 2022, at the same time they filed their reply brief, defendants filed a motion requesting we take judicial notice that a month earlier (on May 17, 2022) LAD-T filed with the Registrar-Recorder a fictitious business name statement registering the names "DT Los Angeles Toyota" and "Toyota Downtown LA" (the registration statement). Defendants argued in their reply brief that the registration statement "resolve[d] any grounds for abatement of [defendants'] petition to compel arbitration under . . . section 17918," rendering the trial court's order denying defendants' motion to compel arbitration "moot." Defendants requested we reverse the order on this basis.

On July 12, 2022, after we sent notice that the appeal was fully briefed and would be set for oral argument, Villareal filed a motion to strike defendants' reply brief and to deny their request for judicial notice, arguing defendants had improperly raised a new argument on reply (that filing the registration statement mooted the trial court's order). Defendants filed an opposition,

6

and on September 14 we asked the parties to submit supplemental briefing on the effect of LAD-T's registration statement on the appeal. Villareal argued we should dismiss the appeal as moot and defendants were barred from filing a second motion to compel arbitration by their lack of diligence in filing the registration statement. Defendants argued the appeal was not moot (in contrast to the argued mootness of the trial court's order), and we should reverse the order denying their motion to compel arbitration based on the filing of the registration statement.

Oral argument took place on October 6, 2022; we filed our decision on October 20, 2022; and we issued the remittitur on December 23, 2022. We held section 17918's fictitious business name registration requirement applied to a motion to compel arbitration because "'[a] proceeding to compel arbitration is in essence a suit in equity to compel specific performance of a contract.'" (*Villareal I, supra*, 84 Cal.App.5th at p. 457, quoting *Freeman v. State Farm Mut. Auto. Ins. Co.* (1975) 14 Cal.3d 473, 479.) However, under the statutory scheme of Business and Professions Code section 17900 et seq., noncompliance with the fictitious business name filing requirement "'is a mere matter of abatement pending the trial [and] . . . , is not jurisdictional.'" (*Villareal I*, at p. 458, quoting *Kadota Fig Assn. v. Case-Swayne Co.* (1946) 73 Cal.App.2d 796, 804.) Thus, although the trial court did not err in denying the motion to compel arbitration, defendants' subsequent filing of the registration statement for DT

7

Los Angeles Toyota removed any statutory impediment to their enforcement of the arbitration agreement.[2]

However, we agreed with Villareal that defendants "failed to act diligently in filing their fictitious business name statement." (*Villareal I, supra*, 84 Cal.App.5th at p. 463.) Defendants offered "no explanation for why they would vigorously defend their position that no fictitious business name statement was required, including appealing the trial court's order, then abandon this position at the eleventh hour by filing the very statement that could have enabled the case to proceed to arbitration a year earlier." (*Id.* at pp. 463-464.)

Although we were "troubled by the dilatory conduct by defendants," we held "the trial court will need to determine in the first instance whether defendants have by their conduct waived their right to arbitration." (*Villareal I, supra*, 84 Cal.App.5th at p. 464.) Referring to the factors relevant to the waiver inquiry set forth by the Supreme Court in *St. Agnes Medical Center v. PacifiCare of California* (2003) 31 Cal.4th 1187, 1196 (*St. Agnes*), overruled in part by *Quach v. California Commerce Club, Inc.* (2024) 16 Cal.5th 562, 582, fn. 4 (*Quach*), we held the trial court would need to consider, among other things, "whether the """"litigation machinery""""" (here, the appellate process) was substantially invoked" before defendants pursued their arbitration rights, and "whether LAD-T's late change in position

---

[2] In our opinion we took judicial notice of the registration statement. We also considered and rejected defendants' other arguments why the trial court erred in denying the motion to compel arbitration, including that the variation in name was de minimis and the FAA preempted the registration requirement. (See *Villareal I, supra*, 84 Cal.App.5th at pp. 461-463.)

was made in bad faith."[3] (*Villareal I*, at pp. 464-465.) Accordingly, we vacated the trial court's order denying the motion to compel arbitration and instructed the court "to again consider the motion to compel arbitration limited to the narrow issue of whether defendants have waived their right to compel arbitration by their delay in filing the fictitious business name statement." (*Ibid.*)

D.    *The Trial Court's Reconsideration of Defendants' Motion To Compel Arbitration*

Following issuance of the remittitur, on March 28, 2023 the trial court set a new hearing on defendants' motion to compel arbitration and ordered a supplemental opposition and reply brief limited to the issue of whether defendants waived their right to compel arbitration. In his supplemental opposition, Villareal argued defendants substantially invoked the litigation machinery in lieu of pursuing arbitration by litigating the appeal in *Villareal I* for nearly a year before filing the registration statement. Defendants had several more expeditious options to challenge the trial court's June 1, 2021 denial of their motion, including immediately filing the registration statement followed by a motion for reconsideration under section 1008, subdivision (a); seeking relief under section 473, subdivision (b),

---

[3]    We also held the court should consider whether Villareal was prejudiced by defendants' delayed registration. (*Villareal I, supra*, 84 Cal.App.5th at p. 465, citing *St. Agnes, supra*, 31 Cal.4th at p. 1203.) As we discuss, the Supreme Court in *Quach, supra*, 16 Cal.5th at pages 580 through 582 recognized the abrogation of a prejudice factor in the waiver analysis in claims arising under both the FAA and California law.

9

within six months of the court's order; or asking the court to deny their motion without prejudice and allow them time to file the registration statement.  Moreover, even if they felt they needed to appeal to protect their rights, they could have promptly filed the registration statement, dismissed the appeal, and then filed a new motion to compel arbitration.  Instead, defendants pursued the appeal through oral argument and our decision in October 2022.  These actions, Villareal argued, were "inconsistent with the right to arbitrate."

Villareal further argued that defendants' delay in waiting until May 2022 to file the registration statement and waiting another month to give notice of the statement (then making the novel argument on reply that the trial court's order was now moot) showed bad faith and "a sinister motive to delay these legal proceedings, in the macabre hope that Mr. Villareal, a 79-year old man, will not live long enough to have his day in court or that [Villareal's] and witnesses' memories will fade sufficiently for him to lose his case."[4]

In their supplemental reply, defendants argued they had not invoked the litigation machinery to obtain an advantage in the judicial forum.  Rather, defendants "have focused solely on compelling arbitration.  Their initial appearance in this action was their [motion to compel arbitration].  When that [motion] was denied, [d]efendants appealed, seeking to reverse the denial of their [motion].  As there is no appellate authority which finds waiver under analogous circumstances, Plaintiff cannot meet his burden of establishing waiver in this case."  Further, their appeal

---

[4]     Villareal also argued he was prejudiced by the delay, principally due to his age and loss of any efficiency from arbitration.  This argument is not at issue on appeal.

10

was taken in good faith because "it addressed an issue of first impression for a California appellate court—whether the fictitious business name requirement could be used as a defense to a petition to compel arbitration," and nothing in *Villareal I* suggested their arguments were frivolous or made in bad faith.[5]

After a hearing, on September 12, 2023 the trial court denied the motion. In its five-page ruling, the court analyzed whether defendants waived their right to arbitrate in light of the waiver factors set forth in *St. Agnes, supra*, 31 Cal.4th at page 1196. The court did not consider whether Villareal had shown prejudice, given the recent ruling of the United States Supreme Court in *Morgan v. Sundance, Inc.* (2022) 596 U.S. 411, 412 that "prejudice is not a condition of finding that a party waived its right to stay litigation or compel arbitration under the FAA." The court found defendants' "actions relating to the filing of the fictitious business statement, and/or failure to file it sooner, and other conduct . . . are inconsistent with the right to arbitrate." In particular, after Villareal filed his opposition to the motion to compel arbitration arguing the motion should be denied on the basis that defendants failed to register their fictitious business name, "[d]efendants could have immediately sought to

---

[5] On June 21, 2023, after defendants filed their supplemental reply, Villareal filed an attorney declaration attaching pleadings, correspondence, and court submissions showing the timeline of defendants' conduct and litigation positions. Defendants objected, and on June 29 their attorney filed a declaration disputing Villareal's attorney's characterization of the proceedings and the relevance of Villareal's exhibits. The trial court did not rule on the objections, and defendants do not on appeal challenge the admissibility of Villareal's attorney declaration and exhibits.

11

cure the defect by filing the fictitious business statement, or requesting the opportunity to file it," but instead they "were silent on this point." And, after the court denied the motion, defendants appealed the determination that section 17918 barred them from enforcing the agreement, "[y]et, despite vigorously litigating before the Court of Appeal their position that no fictitious business name statement was required, [d]efendants then proceeded to abandon that position" and filed the registration statement a year after Villareal raised the issue and approximately 21 months after the lawsuit was filed. Further, although the parties were invited on remand "to submit supplemental briefs to address the significance of the filing of the fictitious business statement," defendants "fail[ed] to provide any coherent or reasonable explanation as to why they waited until May 17, 2022 to file the fictitious business statement." The court concluded, "Considering the timeline and conduct by [d]efendants as outlined above, the [c]ourt finds that [d]efendants substantially invoked the litigation machinery and acted inconsistent with the contractual right to arbitrate."

Defendants timely appealed.[6]

---

[6] On July 3, 2024 Villareal filed a motion to dismiss the appeal, arguing our disposition in *Villareal I* "placed [defendants] in a similar procedural posture before the trial court as if they had filed a renewed motion under section 1008, subdivision (b)," and a ruling on a motion for reconsideration is not separately appealable from the underlying order. Therefore, hearing the instant appeal would amount to allowing "two appeals from the same decision, which is improper as a matter of law." Villareal's contention lacks merit. We vacated the trial court's initial ruling on the motion to compel arbitration and directed the court to

12

## DISCUSSION

A.     *Governing Law and Standard of Review*

California law, like the FAA, "'reflects a strong policy favoring arbitration agreements.'" (*Quach, supra*, 16 Cal.5th at p. 573; accord, *Semprini v. Wedbush Securities Inc.* (2024) 101 Cal.App.5th 518, 525-526 (*Semprini*).) "The party seeking arbitration bears the burden of proving the existence of an arbitration agreement, and the party opposing arbitration bears the burden of proving any defense." (*Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC* (2012) 55 Cal.4th 223, 236; accord, *Semprini*, at p. 526.)

Waiver is one such defense. "A motion to compel arbitration is properly denied when the moving party has waived its right to do so." (*Spracher v. Paul M. Zagaris, Inc.* (2019) 39 Cal.App.5th 1135, 1137; accord, *Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 982 ["Section 1281.2, subdivision (a), provides that a trial court shall refuse to compel arbitration if it determines that '[t]he right to compel arbitration has been waived by the petitioner.'"].) "To establish waiver under generally applicable contract law, the party opposing enforcement of a contractual agreement must prove by clear and convincing evidence that the waiving party knew of the contractual right and intentionally relinquished or abandoned it."

---

consider waiver, which was not fully at issue at the time of the initial ruling. (*Villareal I, supra*, 84 Cal.App.5th at p. 465.) Just as the parties were entitled to develop the record on waiver, defendants are entitled to appellate review of the trial court's order finding waiver. We therefore deny the motion to dismiss the appeal.

(*Quach, supra*, 16 Cal.5th at p. 584.) A party's "intentional relinquishment or abandonment of the right may be proved by evidence of words expressing an intent to relinquish the right or of conduct that is so inconsistent with an intent to enforce the contractual right as to lead a reasonable factfinder to conclude that the party had abandoned it." (*Ibid*.)

California courts have considered various factors in determining whether a party waived its right to arbitration through its litigation conduct. The Supreme Court in *St. Agnes* described these factors as including "(1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place; and (6) whether the delay affected, misled, or prejudiced the opposing party." (*St. Agnes, supra*, 31 Cal.4th at p. 1196, quotation marks omitted; see *Iskanian v. CLS Transportation Los Angeles, LLC* (2014) 59 Cal.4th 348, 374-375 ["'California courts have found a waiver of the right to demand arbitration in a variety of contexts, ranging from situations in which the party seeking to compel arbitration has previously taken steps inconsistent with an intent to invoke arbitration [citations] to instances in which the petitioning party has unreasonably delayed in undertaking the procedure. [Citations.] The decisions

14

likewise hold that the "bad faith" or "willful misconduct" of a party may constitute a waiver and thus justify a refusal to compel arbitration."'], overruled on another ground in *Viking River Cruises, Inc. v. Moriana* (2022) 596 U.S. 639.)

In *Quach,* the Supreme Court eliminated any requirement for the party opposing arbitration to show prejudice to establish waiver, thereby aligning California arbitration law with the FAA. (See *Quach, supra*, 16 Cal.5th at p. 582 ["Because the state law arbitration-specific prejudice requirement finds no support in statutory language or legislative history, we now abrogate it."]; cf. *Morgan v. Sundance, Inc., supra*, 596 U.S. at p. 418 [FAA does not authorize courts to create an arbitration-specific prejudice requirement].) The *Quach* court also clarified that although the *St. Agnes* factors are relevant considerations in evaluating a party's loss of the right to arbitrate, "[c]ourts should not apply the *St. Agnes* factors as a single multifactor test for determining whether the right to compel arbitration has been lost through litigation." (*Quach*, at p. 584.)

"[W]aivers are not to be lightly inferred and the party seeking to establish a waiver bears a heavy burden of proof." (*St. Agnes, supra*, 31 Cal.4th at p. 1195; accord, *Semprini, supra*, 101 Cal.App.5th at p. 526.) The Supreme Court in *Quach* held that "[g]oing forward, trial courts should apply a clear and convincing evidence burden of proof and reviewing courts should uphold findings of waiver when 'the record as a whole contains substantial evidence from which a reasonable fact finder could have found it highly probable' that the party knew of its contractual right to compel arbitration and intentionally relinquished or abandoned that right." (*Quach, supra*, 16 Cal.5th at p. 585, fn. 6; see *Semprini,* at p. 527 ["'Whether a party has

15

waived the right to compel arbitration is generally a question of fact. A trial court's finding of waiver is therefore reviewed under the substantial evidence standard unless "'the facts are undisputed and only one inference may reasonably be drawn,'" in which case "'the reviewing court is not bound by the trial court's ruling.'""'"].)

Defendants argue we should review the trial court's order de novo because "the facts related to waiver are undisputed and permit only one reasonable inference," i.e., that there was no waiver. Although the procedural timeline is undisputed, as we recognized in *Villareal I, supra*, 84 Cal.App.5th at page 465 in remanding the matter, it was the province of the trial court to weigh the evidence of waiver—in particular the reason for defendants' delay in filing the registration statement—and evaluate the inferences reasonably supported by that evidence. The trial court found that defendants' failure to provide a plausible excuse for their delay and their later conduct on appeal were inconsistent with their asserted need to protect their appellate rights, showing an intentional waiver of their right to arbitrate. We review that finding for substantial evidence.

B.    *Substantial Evidence Supported the Trial Court's Finding Defendants Waived Their Right To Arbitrate*

Defendants contend on appeal, as they argued below, that Villareal has not met his burden to show defendants waived their right to arbitrate by filing a nonfrivolous appeal from the denial of their motion to compel arbitration. Further, they argue, unlike the many cases finding waiver where a party has taken advantage of the litigation machinery while sitting on its arbitration rights, defendants used the litigation machinery in

support of arbitration:  After Villareal filed the lawsuit, defendants promptly filed a motion to compel arbitration, they vigorously litigated the motion, they timely appealed denial of the motion, and they prosecuted their appeal through a decision that resulted in vacatur of the denial.  However, defendants ignore the fact that the trial court's waiver finding was based on defendants' failure to file the registration statement for nearly a year after learning of a technical and easily curable defect under section 17918.  And defendants failed to offer any explanation for this delay (or showing of adverse consequences from filing the one-page statement) despite invitations from this court and the trial court.  We conclude substantial evidence supports the trial court's finding that defendants' decision to pursue a lengthy appeal before curing the registration defect was an intentional use of the litigation machinery (i.e., an 18-month appeal) in a manner inconsistent with arbitration of the dispute, amounting to an intentional relinquishment of their arbitration rights.

As the trial court found, once Villareal in his May 2021 opposition raised a colorable bar to defendants' ability to enforce the arbitration agreement based on section 17918, defendants could have registered DT Los Angeles Toyota with the Registrar-Recorder, cured the defect, and presented the filed registration statement to the trial court before or at the hearing on their motion to arbitrate.  The registration statement is a one-page document, and the cost for defendants to file and publish the statement would have been well under $100.[7]

---

[7] The registration statement defendants filed on May 17, 2022 is a single-page form but included a second page because defendants attached a list of two additional fictitious business

17

Moreover, even if defendants believed at that time that they had persuasive arguments in response to Villareal's section 17918 contention (and they opposed Villareal's arguments on unconscionability), on June 1, 2021 the trial court found the arbitration agreement was enforceable in all respects except for defendants' noncompliance with section 17918. At this time, defendants unequivocally knew they had the right to arbitrate Villareal's claims if they registered, and they had multiple options to address the registration defect before the deadline to appeal. They could, for example, have requested at the hearing on their motion that if the court intended to rule against them on the registration requirement, the court delay entering a final order to give them time to file and publish the registration statement. Although we do not know what transpired at the hearing,[8] it is likely that defendants had some indication of the

---

names. On our own motion, we take judicial notice of the fictitious business name filing fee schedule published by the Registrar-Recorder, which states that in January 2025 the filing fee for a single fictitious business name is $26, plus $5 for each additional name. (https://www.lavote.gov/home/county-clerk/fictitious-business-names/fees [as of Feb. 4, 2025]; Evid. Code, §§ 452, subd. (c), 459.)

After filing a registration statement, a registrant must publish the statement in a local newspaper once weekly for four consecutive weeks. (Bus. & Prof. Code, § 17917, subd. (a); Gov. Code § 6064.) Defendants published notice of their registration statement in a Los Angles newspaper in June 2022 at a cost of $46.

[8] The minute order of the June 1, 2021 hearing does not reflect whether the trial court announced a tentative decision before the parties argued. There was no court reporter present.

court's intended ruling. Alternatively, after receiving the court's order, defendants could have filed the registration statement and a motion for reconsideration under section 1008, subdivision (a), based on "new or different facts, circumstances, or law." There would have been no prejudice and little cost to them in doing so, and if the court denied them relief, as we discuss below, their timely filing of a motion for reconsideration would have extended the time for them to appeal and strengthened their position. Yet, as the trial court found, defendants "were silent on this point," never attempting to cure the registration defect during the trial court proceedings.

Instead, on June 18, 2021 defendants filed their notice of appeal, divesting the trial court of jurisdiction, and it can reasonably be inferred that by filing the appeal, defendants knowingly delayed adjudication of Villareal's claims for at least a year while the appeal was pending. And they waited another 11 months—until after Villareal filed his respondents' brief—to file the registration statement. Had defendants filed the registration statement at the outset of the appeal, they could have sought a stipulation from Villareal to arbitrate his claims, which would have allowed the parties to proceed efficiently to arbitration. Given that Villareal did not cross-appeal, once the registration defect was cured, there would have been no benefit to Villareal from continuing to oppose arbitration based on this single issue. At that point, Villareal would likely have preferred to try his claims before an arbitrator rather than have his lawsuit remain stayed,[9] especially in light of his advanced age. But

_____

[9]     Prior to January 1, 2024, perfecting of an appeal from denial of a motion to compel arbitration stayed the trial court

19

defendants acted to foreclose this possibility. Moreover, once the registration statement was filed, the appeal could have proceeded more quickly to a decision in light of the narrower issue raised by the filing of the registration statement. In addition, after defendants filed their reply brief and request for judicial notice of the registration statement on June 27, 2022, this led to further briefing on whether defendants should be allowed to raise the filing of the registration statement on appeal. This further delayed the setting of the case for oral argument.

Defendants have not offered any explanation why they did not file the registration statement until May 2022. They do not suggest there were any adverse legal, financial, or regulatory consequences to filing a statement.[10] Nor do they contend there were any administrative hurdles to filing earlier. Instead, they argue, "The appeal [in *Villareal I*] was taken in good faith as it

---

proceedings. (See Code Civ. Proc., § 916, subd. (a).) Effective January 1, 2024 (after defendants appealed), Code of Civil Procedure section 1294, subdivision (a), now provides that "the perfecting of such an appeal [from denial of a motion to compel arbitration] shall not automatically stay any proceedings in the trial court during the pendency of the appeal."

[10] During oral argument, defendants' attorney suggested it might have been the case that defendants did not want to undertake the burden of registering DT Los Angeles Toyota because they owned several more car dealerships with different fictitious business names, and they would need to address all of them. But the attorney admitted there was no evidence in the record to support his hypothesis. In remanding the case in *Villareal I*, we invited the parties to develop a factual record on waiver, but defendants did not present any evidence on remand, such as a party declaration, addressing their delay in filing the registration statement.

20

addressed an issue of first impression in the California appellate courts," i.e., whether "the fictitious business name requirement should not apply to enforcement of arbitration proceedings."

The merits of defendants' appeal do not explain their failure to cure the registration requirement before they appealed. First, as discussed, defendants could have cured the registration requirement *and* fully protected their appellate rights and arguments. They suggest "the statutory scheme for fictitious business name registration requires more than mere filing of a form," pointing to the four-week publication requirement in Business and Professions Code section 17917. But there is no reason they could not have filed the registration statement and filed a reconsideration motion in the trial court within 10 days of the court's June 1, 2021 ruling (followed by publication of the statement before the hearing). And, contrary to defendants' argument in their opening brief, the filing of a reconsideration motion under section 1008, subdivision (a), would have extended the deadline to appeal from the underlying order, so they would have preserved their right to appeal if they lost the motion. (*Arega v. Bay Area Rapid Transit Dist.* (2022) 83 Cal.App.5th 308, 315 ["a timely motion to reconsider [§ 1008] extends the time to appeal from an appealable order for which reconsideration was sought even if the trial court ultimately determines the motion was not 'based upon new or different facts, circumstances, or law'"]; see Cal. Rules of Court, rule 8.108(e).)[11] And had the court

---

[11] California Rules of Court, rule 8.108(e) states, "If any party serves and files a valid motion to reconsider an appealable order under . . . section 1008, subdivision (a), the time to appeal from that order is extended for all parties until the earliest of: [¶] (1)

21

denied the motion for reconsideration, defendants could have raised all of their arguments on appeal.

Second, it is disingenuous for defendants to claim they did not cure the registration because they wanted an appellate determination on their other contentions, for example, that the registration requirement does not apply to a motion to compel arbitration, that DT Los Angeles Toyota was a de minimis variation of their registered business name (Toyota of Downtown Los Angeles), and that the FAA preempted section 17918's registration requirement. As the trial court found, any argument defendants wanted an appellate decision on these issues is undermined by the fact they filed the registration statement in May 2022 and argued in their reply brief in *Villareal I* that registration "'resolves any grounds for abatement of [defendants'] petition to compel arbitration.'" (*Villareal I, supra*, 84 Cal.App.5th at p. 458.) Defendants have not offered any explanation for this ostensible change in strategy, and there is certainly no evidence there was any change in circumstances between June 1, 2021, when the trial court first ruled, and May 17, 2022, when defendants filed the registration statement.[12]

---

30 days after the superior court clerk or a party serves an order denying the motion or a notice of entry of that order; [¶] (2) 90 days after the first motion to reconsider is filed; or [¶] (3) 180 days after entry of the appealable order."

[12] Defendants argue for the first time in their reply brief (without any citation to the record) that their decision to file the registration statement in May 2022 showed they "wanted to move arbitration forward as expeditiously as possible." Specifically, defendants claim that they "determined that rather than waiting for the appellate court to rule, and then potentially have to file

The trial court did not find that defendants' appeal was taken in bad faith, nor do we. Bad faith is not a requirement for waiver. Defendants had the right to appeal the trial court's denial of their motion to compel arbitration, and we do not suggest that exercising that right itself constituted a waiver. But their entitlement to an appeal does not change the fact that as of June 1, 2021 the only thing standing in the way of defendants' exercise of their right to arbitrate was a registration requirement that was easily curable and, if they cured, they likely could have commenced the arbitration immediately (and if not, appealed with minimal delay). Defendants did not attempt to cure the defect or explain why they did not. On this record, there was "'substantial evidence from which a reasonable fact finder could have found it highly probable' that [defendants] knew of [their] contractual right to compel arbitration and intentionally relinquished or abandoned that right." (*Quach, supra*, 16 Cal.5th at p. 585, fn. 6.)

---

the fictitious business name statement and wait several weeks for the notice period, [defendants] would file the statement while the appeal was pending." But even if we were to consider this argument (without evidentiary support), it only addresses why defendants did not wait *even longer* before filing the registration statement. It does not explain why they did not file the registration statement earlier in the trial court or on appeal.

## DISPOSITION

The September 12, 2023 order denying defendants' renewed motion to compel arbitration is affirmed.  Villareal is to recover his costs on appeal.

                                   FEUER, J.

We concur:


MARTINEZ, P. J.


STONE, J.